Nov. Term,
1847.                              Huston *v.* M'Pherson.

Huston
v.          .If to a plea of the statute of limitations in slander, the plaintiff reply that the
M'Pherson.      words were spoken within the prescribed time, he must prove the speaking of
                some of the actionable words within that time.

              Slander. Pleas, not guilty and the statute of limitations. No replication to the
                special plea. Verdict and judgment for the plaintiff. *Held*, that, the special
                plea being unanswered, the trial was not legal.

*Wednesday,*      ERROR to the *Whitley* Circuit Court.
*December* 22.
              BLACKFORD, J.—This was an action of slander brought by
              *M'Pherson* against *Huston*. Plea, not guilty. There was
              also a plea of the statute of limitations, concluding with a
              verification (1); but the record contains no replication to the
              special plea. Verdict and judgment for the plaintiff.

              On the trial, the defendant asked the Court to instruct the
              jury to the following effect: That unless the plaintiff had
              proved the speaking of some of the words within one year
              next before the commencement of the suit, he could not
              recover. The Court refused the instruction.

              If there had been a replication to the special plea, alleging
              that the words were spoken within one year (the time limited
              by statute) before the suit was commenced, the plaintiff would
              have been obliged to prove not only the speaking of some of
              the actionable words, but that they had been spoken within
              the limited time. *Hurst* v. *Parker*, 2 Chitt. R. 249.—1 Arch.
              N. P. 418. But as there was no such replication, the ques-
              tion relative to the instruction refused is not before us.
              Whilst the special plea was unanswered and undisposed of,
              there could be no legal trial of the cause. *Swan* v. *Rary*,
              2 Blackf. 291.

              *Per Curiam.*—The judgment is reversed and the verdict
              set aside with costs. Cause remanded, &c.

              *W. H. Coombs* and *I. H. Kiersted*, for the plaintiff.

              (1) The conclusion of the plea of the statute of limitations with a *verification*,
              though usual, is not necessary. The new matter in the plea being *negative* need
              not be proved, and an offer therefore to verify (that is, to prove) it cannot be
              requisite. The proper conclusion of the plea seems to be, "wherefore the de-
              fendant prays judgment if the plaintiff ought to have his aforesaid action against
              him;" leaving out the words usually inserted, "and this he is ready to verify."
              *Bodenham* v. *Hill*, 7 M. & W. 274. A conclusion to the country would be evi-
              dently wrong. Where a plea of the statute of limitations concluded *to the country,*

and issue was joined thereon, the defendant, after verdict against him, moved for a new trial. *Parke*, B., said: "The difficulty is, there is here a negative and no affirmative: there is nothing on the record equivalent to an averment that the cause of action was within the six years." New trial granted, with leave to the parties to amend their pleadings. *Wheatley* v. *Williams*, 1 M. & W. 533. Again; to a plea of set-off, the plaintiff replied the statute of limitations, concluding *to the country*, and the defendant added the *similiter*. The defendant, after verdict against him, moved for a repleader on the ground that there was no proper issue. *Alderson*, B., said: "The plea of set-off does not contain any statement that the matter arose within six years. Then the replication states that the plaintiff was not indebted, for the causes of set-off did not accrue within six years. If you add to that by a rejoinder that they did accrue within six years, then there is a definite issue, but not before." New trial granted, with leave to both parties to amend. *Spong* v. *Wright*, 9 M. & W. 629.