Nov. Term, 1850.

BURTON
v.
JOHNSON.

---

## BURTON *v.* JOHNSON.

Assumpsit on a promissory note by the assignee, against the maker. The defendant pleaded that the note was given in consideration of a lot of land, and the contract set out in the second plea required that the payee of the note should be the owner of the lot on the day that the note fell due, and that, on that day, the deed should be offered to the defendant, on his payment of the note, unless there was good cause for not making the offer. The plea further averred, that the deed was not made before the commencement of the suit, and denied the payee's ownership of the lot. The plaintiff replied, that the deed was tendered, and payment of the note demanded and refused, before the suit was commenced, and concluded to the country. Judgment for the plaintiff. *Held,* that the finding of the Court, so far as this plea was concerned, was a nullity, the plea not having led to any issue of fact.

*Held,* also, that the defendant could assign as error, that this cause, in which there were several pleas, had been tried, without an issue to the second plea, as that plea was a valid defence to the action.

To make an issue of fact, the same fact or facts must be affirmed on one side and denied on the other.

Nov. Term,
1850.

BURTON
v.
JOHNSON.

Friday,
November 29.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit, commenced in *March*, 1849, by *James Johnson*, the assignee of a promissory note, against *Burton*, the maker.

The declaration contains two counts. The first is on the note. It alleges, that the note was dated on the 23d of *August*, 1838, and was payable, two years after date, to one *Charles Johnson*. It alleges, also, that the payee assigned the note to *Thurston* and *Co.*, who assigned it to the plaintiff. The second count is for money had and received.

The defendant pleaded, first, *non assumpsit;* secondly, that the note was given in part consideration of a certain lot of ground, and that the payee had, on or about the 23d of *August*, 1838, made his bond to the defendant, which bond recited the sale of said lot to the defendant, and stated that the note had been given for the unpaid balance of the purchase-money. The plea also alleges that, by said bond, the obligor was to convey said lot to the defendant, his heirs, and assigns, by a good and suffi cient deed, with full covenants of warranty and seizin, on payment of the purchase-money according to the tenor and effect of said note. This plea states further, that the payee of said note, had not made such deed to the de- fendant, before the commencement of the suit, according to the tenor and effect of said bond ; and that said payee had no title to the lot, at the time of making said bond, or at any time afterwards.

There is a replication to that plea, stating, that before the commencement of the suit, to wit, on the 6th of *July*, 1848, the said payee executed a deed in fee for said lot, to the defendant, with full covenants of warranty and seizin, and delivered the same to the plaintiff, to be de- livered to the defendant, on his payment of said note. The replication also states, that the plaintiff afterwards, and before the commencement of the suit, tendered said deed to the defendant, and demanded payment of the note, which demand was refused, and that the deed was in

Court for the defendant, on his payment of the note.
Conclusion to the country.

There are also pleas of payment and set-off, which
led to issues of fact.

The cause was submitted to the Court, and judgment rendered for the plaintiff.

The contract set out in the second plea, required that the payee of the note should be the owner of the lot, on the day the note fell due, and that, on that day, the deed should be offered to the defendant on his payment of the note, unless there was good cause for not making the offer. This plea avers that the deed was not made before the commencement of the suit, and denies the payee's ownership of the lot. The plaintiff replies that the deed was tendered, and payment of the note demanded and refused, before the suit was commenced, concluding to the country. There is here no issue. To make an issue of fact, the same fact or facts must be affirmed on one side, and denied on the other. But there is here no such affirmation and denial. The finding of the Court, therefore, so far as the second plea is concerned, is a nullity, that plea not having led to any issue in fact. Lord *Brougham*, in speaking on this subject, says: "Nothing, indeed, could be more contrary to all principle, nay, to all common sense, than to regard a finding upon an issue which had no existence as other than a nullity. The jury must be taken to have found a verdict upon a matter not before them, as much if they had given a verdict in another cause." *Gwinne* v. *Burnell*, 6 Bingh. N. C. 453.

We are next to consider whether the defendant can assign as error, that this cause, in which there were several issues, has been tried without an issue as to the second plea? And we think he can. The second plea is a valid defence to the action. That part of it, to be sure, which avers that the deed had not been executed before the commencement of the action is bad, because it denies a fact which was not, *prima facie*, necessary to the plaintiff's recovery. But that part of the plea which denies

Nov. Term, 1850.

that the payee of the note was the owner of the lot when the contract was made, or at any time afterwards, is a good defence. It is a denial, in substance, that the payee owned the lot on the day the note fell due, and when the deed was to be made. We think that that part of the plea should have been answered, or in some way disposed of, before the trial of the cause. *Huston* v. *McPherson*, 8 Blackf. 562.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to the parties to amend their pleadings. Costs here.

*W. D. Griswold* and *J. P. Usher*, for the plaintiff.

*C. W. Barbour*, for the defendant.