### JONATHAN POND *vs.* MARY A. GIBSON.

In an action for slander, the burden of proof is on the plaintiff to prove that the words were spoken within two years before the suing out of his writ.

TORT for slander. The answer averred, amongst other things, that the cause of action did not accrue within two years next before the suing out of the plaintiff's writ; and issue was joined

thereon. At the trial in the superior court, before *Morton*, J., the evidence was conflicting as to the time when the words were spoken ; and the judge instructed the jury that the burden of proof was upon the plaintiff to prove that the words were spoken within two years before the commencement of the action. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*P. C. Bacon & A. Norcross*, for the plaintiff, cited 1 Greenl. Ev § 74 ; *Emmons* v. *Hayward*, 11 Cush. 48 ; *Blanchard* v. *Young*, Ib. 341.

*N. Wood*, for the defendant, cited 2 Stark. Ev. (4th Amer. ed.) 887 ; 2 Greenl. Ev. § 431, and cases cited ; *Bodenham* v. *Hill*, 7 M. & W. 274 ; *Pritchard* v. *Bagshawe*, 5 Eng. Law & Eq. 375 ; *Huston* v. *M'Pherson*, 8 Blackf. 562.

DEWEY, J. The general statement so often found in the books, that the party who alleges the affirmative of any proposition shall prove it, will not much aid us in the present inquiry. The point will often arise, who has the affirmative. In examining this question, it might be supposed that the form, in pleading the statute of limitations, of closing the plea with a verification, would seem to imply an allegation of some fact to be sustained by the party thus pleading. Such form of conclusion has been the more usual one. In Lawes on Pleading, 738, it is stated that the plea of the statute of limitations must be concluded with a verification. But it is now at least questionable whether such a conclusion is necessary. In *Bodenham* v. *Hill*, 7 M. & W. 274, where, to a plea of the statute of limitations, a demurrer was filed, assigning as a cause of demurrer that it did not conclude with a verification, the court held such form of conclusion to be quite unnecessary, Parke, B. saying, " The good sense of the matter is, that a party should not be required to verify that which it does not lie upon him to prove." In 2 Greenl. Ev. § 431, the rule as to the burden of proof is thus stated: " Where the statute of limitations is set up in bar of a right of action by the plea of *actio non accrevit infra sex annos*, which is traversed, the burden of proof is on the plaintiff, to show both a cause of action, and the suing out of process within

the period mentioned in the statute." In accordance with this is 2 Stark. Ev. (4th Amer. ed.) 887. The case of *Hurst* v. *Parker*, 1 B. & Ald. 92, which was an action of trespass, to which the statute of limitations was pleaded, sustains the same view of this question. Lord Ellenborough says : " The only question is, on whom is the issue ? Now the affirmative of the issue is on the plaintiff, who says that the cause of action did accrue within six years." In *Huston* v. *M'Pherson*, 8 Blackf. 562, which was a case arising upon a plea of the statute of limitations in an action of slander, the court held the burden of proof was upon the plaintiff.

The case of *Emmons* v. *Hayward*, 11 Cush. 48, is cited and relied upon as sustaining a contrary doctrine. If it does so, it is merely incidental, as no question of the burden of proof was raised or discussed. It merely affirmed the proposition that a defendant, by filing an admission of all the facts necessary to be proved by the plaintiff in his opening on the general issue, in order to obtain the right to open and close under the 41st rule of the court of common pleas, was not thereby estopped from setting up in defence the statute of limitations. The action was assumpsit upon a special contract for the payment of money. The court, in assigning the reasons for their decision, assume the statute of limitations to be a matter strictly in avoidance, and that the special matter of defence under that plea is to be made out by the defendant. But the question we are now considering does not appear to have been in the mind of the court, nor was any question directly raised and discussed as to the burden of proof upon the statute of limitations.

The decision was correct in reference to the question there raised, but erroneous in some of the positions as stated in the opinion given. Upon full consideration of the question in its broader aspect, as now presented, we find the weight of authority strongly in favor of the ruling adopted at the trial, that the burden in the present case was on the plaintiff to show that the cause of action did accrue within two years next before the suing out of his writ. *Exceptions overruled.*