Jackson, J.,
delivered the opinion of the Court. The objection to the sufficiency of the probate of the will of Adam Wellman. jun., comes too late. Upon the common presumptions in favor of every judicial tribunal, acting within its jurisdiction, we must suppose that all persons concerned had due notice. The presumption in the present case is strengthened by the knowledge we have, that in many counties it was not customary to mention in the decree that such notice had been given.
We must also suppose that there was a legal excuse for the ab sence of the third subscribing witness to the will. Various reasons may have existed, which would furnish * such an [ * 73 ] excuse; and as to this also, it was not customary to state such reasons in the decree. It is not now a question, whether the will ought to be proved upon the testimony of two of the witnesses, without accounting for the absence of the third. The law is settled that it cannot be so done. But this very rule of law requires us to believe that the absence of the third witness was accounted for in this case, upon the common presumption before mentioned.
With regard to the estate devised, it is most clearly a fee simple. The testator gives “ all his estate, real and personal,” which is sufficient to pass a fee. The words “whatsoever and wheresoever” cannot possibly be understood as intended to describe the local situation of the estates devised. They were obviously intended to include, with more certainty, every thing the testator had to bestow
As to the seisin of the testator, at the death of his father, he was, with the widow and the other heirs, in possession of the premises. The inheritance of his share was cast upon him by the law, and he, with each of the other children, was seised according to his right. The subsequent assignment of dower could only take from him an estate for the life of the widow; leaving him the reversion in fee in his part of that third, and his whole original estate in the residue.
The seisin of the devisee was undoubtedly necessary in order to pass the estate to her heirs. 1 H. Black. 1, Dally vs. King. It is objected that the devisee refused the trust of executrix; and that she never received any rent, nor personally exercised any act of ownership in the land devised. As to part of it, she was entitled to a reversion only, after the estate in dower, so long as Mercy W. held under that assignment of dower. As to the residue, she was entitled to the seisin and possession, subject to the right of the administrator to sell the land for the payment of the debts of the testator; and the natural presumption * in every [ * 74 ] such case is, that the bounty will be accepted, as it drew after it no charge or risk of loss.
*60 But the freehold is not by law cast on the devisee, as it is on the heir; and there must be an actual entry by him, or something equivalent to it, to give him a seisin. At the death of the testator, the mother, Mercy W., was in actual possession; and if she held and claimed adversely to the devisee, the latter could not be said to be seised. But if she held as tenant in common with the devisee, admitting the title of the latter, she may be considered as seised to the use of the devisee; or, as it is commonly expressed, the seisin of the one tenant in common may be considered as the seisin of both. Now, it is expressly stated that she did so hold and claim in behalf of herself and the other tenants in common, including the devisee. On such a state of facts, the devisee could not have maintained an action of trespass against Mercy W. The latter had not entered unlawfully ; she had not, in fact, ousted the devisee, nor even claimed a right to hold her out. She was not then seised, in fact, of that portion of the estate which she ad mitted to belong to the devisee. Neither was any one else seised, adversely to the devisee; and it follows that she herself was seised, through the agency of her co-tenant, who held it for her use. The possession was not vacant; the title was not in abeyance ; the devisee had alone the right to be seised; and as no other person was seised, the seisin was necessarily in her.
It is true that a person could not be thus seised against his will; and the devisee might, by some express disavowal or disclaimer, have prevented this constructive seisin in herself. But no such express dissent appears.
The case of Sterling vs. Penlington, Vin. Abr. Tit. Curtesy, A pl. 11, is expressly in point. The mother there held one third as tenant in dower, and the residue for her absent son. When her daughter, with the husband of. the daughter, demanded possession of the son’s part, the mother refused, imagining the son [ * 75 ] was still alive, and claiming * to hold the land for him. The daughter died; and it afterwards appearing that the son had died before that time, it was decided that the seisin of the mother, as tenant in common with the daughter, gave the latter a sufficient seisin to make her husband tenant by the curtesy. In that case, the daughter had never been actually seised; and her right was denied by the person in possession. But as this arose from the mother’s mistake in supposing her son to be then living; and she claimed for him, and not for herself; and the ground, on which she claimed, was not inconsistent with the title of the daughter, when the facts were ascertained, she never having intended to deny that title; her seisin, although apparently adverse, was considered to be the seisin of the daughter also. This case is also cited *61 in Viner, Joint tenant, P. a. pi. 5, and is to be found in 2 Equ. Cas. Air. 730, where it seems to have been taken from Viner.
The demandants must recover the whole that was assigned to the tenants on the petition for partition. That partition is valid and effectual, at least as far as it respects the tenants. It seems also to be conclusive on Mercy Wellman, if the demandants are willing to adopt and confirm it. Both parties admit the right of Mercy W. to a moiety of the whole land; and so long as it was held undivided by her and the tenants, the demandants must have brought their action against the tenants for an undivided moiety. A recovery in such an action would have taken away all the estate the tenants had. The partition ought not to benefit the tenants, nor prejudice the demandants. The latter ought, in the present action, to recover all the estate which the tenants have in the land. If the demandants should now recover only an undivided moiety of the land held by the tenants, it would lead to an expensive and useless circuity of action. The demandants, in that case, in order to obtain their right, must recover against Mercy W. a moiety of the land held by her. She must then recover against the tenants the remaining moiety held by * them. This [ * 76 ] would destroy the partition, which appears to be satisfactory to all the parties interested ; and thus this course would lead to two, or perhaps three, other suits, to effect what may be as well accomplished in this one.

Tenants defaulted.