FOYLES *v.* KELSO.

*Friday, November 6.*

———

## FOYLES *v.* KELSO.

In cases of attachment, it must be proved previously to the rendition of judgment against the defendant, that he had had notice by advertisement of the pendency of the attachment, according to the statute; and the record must either state that satisfactory evidence of such notice was given to the Court, or it must contain the evidence itself.

ERROR to the *Washington* Circuit Court.

HOLMAN, J.—The judgment in this case was against *Foyles* on a domestic attachment. As this is an extraordinary remedy given by statute, and the proceedings are *ex parte*, justice would require that a strict observance of every material requisition of the statute should appear in the record, in order to entitle the plaintiff to recover. The second section of the act authorizing domestic attachments provides, that, on the service and return of the attachment, the clerk shall notify the defendant of the pendency thereof by advertisement (1). Before the Circuit Court is authorized to proceed to judgment, it should be judicially satisfied that such notice had been published agreeably to the provisions of the act. And it should appear in the record that such Court had had satisfactory evidence of that fact; or the evidence itself should be set out: either would suffice. In this case it does not appear that any such notice was given, or that the Circuit Court ever adjudicated on that part of the case; which renders all the subsequent proceedings erroneous.

In this record the names of but eleven jurors appear. This is at present rendered unimportant; but it would be advisable

*Saturday, November 7.*

for the counsel to have the names of all the jurors, who try their causes, regularly enrolled, before it becomes too late to supply the omission.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the return of the attachment are set aside, with costs. Cause remanded, &c.

*Kinney*, for the plaintiff.

*Moore*, for the defendant.

(1) Stat. 1817, p. 100;—1823, p. 62. The affidavit, writ of attachment, and declaration if there be one, must appear in the record. *Bond* v. *Patterson*, ante, p. 34. So must the bond. *Cousins* v. *Brashier*, ante, p. 85.