Nov. Term,
1824.

SMOCK
v.
GRAHAM.

---

## SMOCK v. GRAHAM.

Assumpsit. Pleas, non-assumpsit and no consideration. *Held*, that a record showing the pendency of a prior suit for the same cause of action, is inadmissible as evidence under these pleas. The defendant should have pleaded in abatement.

*Held*, also, that a former judgment wholly reversed in error, is no defence to a subsequent suit for the same cause of action.

Friday,
November 12.

APPEAL from the *Marion* Circuit Court.

HOLMAN, J.—Assumpsit on a promissory note. Pleas, non-assumpsit and no consideration. On the trial, the defendant introduced a record to show the pendency of another action for the same cause. The record introduced, contains the proceedings in an action in the *Marion* Circuit Court, by the same plaintiff against the same defendant, on a note similar to this; and

shows the rendition of final judgment in the Circuit Court in fa-<span></span> vour of the plaintiff, and that said judgment was wholly revers-ed and set aside in this Court.   This record was admitted by the Court to be read to the jury.   And the Court instructed the jury, that if they believed there was another suit pending in that Court, founded upon the same note and cause of action, the plaintiff could not recover; that if the cause of action and note, set forth in said record, was the same as that upon which this action is founded, there was another suit pending for the same cause of action, and the plaintiff could not recover; and that the said record furnished good evidence of the pendency of an-other action, the record of reversal notwithstanding.

Nov. Term, 1824.

BANK OF IN-DIANA v. ROSS.

To this evidence and instruction, the plaintiff filed a bill of ex-ceptions.   The defendant obtained a verdict and judgment.

This evidence was inadmissible, and these instructions were incorrect.   The pendency of another action for the same cause, is, in general, only the subject-matter of a plea in abatement; 1 Chitt. Pl. 443, and the authorities there cited; and can never be given in evidence under the general issue.   Nor does this record show the pendency of another action.   It presents the history of an action that was finally determined in the Circuit Court, and wholly reversed and set aside in this Court.   So that it was no longer pending, but finally and conclusively determin-ed (1).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs.   Cause remanded, &c.,

*Sweetser*, for the appellant.

*Nelson*, for the appellee.

(1) The pendency of a *subsequent* suit cannot be pleaded in abatement. *Renner* v. *Marshall*, 1 Wheat. 217.   Nor can the pendency of a *prior* suit in a foreign Court, or in the Court of another state, be so pleaded, *Bowne* v. *Seymour*, 9 Johns. R. 221.—*Walsh* v. *Durkin*, 12 ib. 99.