SWAN v. RARY.

The issues must be made up before the jury are sworn, excepting only that a *similiter* may be dispensed with.
An affidavit by the plaintiff's attorney, that he had left the replication on the clerk's

Nov. Term,
1829.

SWAN
v.
RARY.

Thursday,
November 12.

table with the papers in the cause, and that it had afterwards come into the deponent's possession by mistake, does not show, with sufficient certainty, that the replication had been properly filed.

APPEAL from the *Parke* Circuit Court.

BLACKFORD, J.—This was an action of slander by *Rary* against *Swan.* The defendant pleaded not guilty and a justification. Verdict for the plaintiff below. A motion was made by the defendant below in arrest of judgment, because there was no replication to his special plea. It appeared, that after the verdict had been received, the replication to the special plea was in possession of *Rary's* attorney, and had not been filed, unless the following facts, shown by that attorney's affidavit, amounted to a filing,—viz. that he had left the replication on the clerk's table with the papers in the cause, and that it had afterwards come into the attorney's possession by mistake. The Circuit Court overruled the motion in arrest of judgment, and rendered judgment on the verdict.

It is not disputed, but that it was necessary to file the replication previously to the trial. The issues must be made up before the jury are sworn; excepting only, as we have heretofore decided, that the *similiter* may be dispensed with. *Jared* v. *Goodtitle, Nov.* term, 1818 (1). The only question in this case is, was the replication properly filed? Our opinion is, that the record does not show that it was. It is not stated by the affidavit, that the replication was ever in the hands of the clerk. After the trial, it was found to be, by mistake, in the possession of the plaintiff's attorney. The circumstance of its having been once left on the clerk's table, by the attorney, is not, under the circumstances of the case, sufficient evidence that it had been properly filed. The motion in arrest of judgment should have been sustained.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*Dewey* and *Kinney,* for the appellant.
*Cone,* for the appellee.

(1) Vol. 1. of these Rep. 29. It is held, in a late case, that even the omission to add the *similiter* is an irregularity for which a verdict will be set aside. *Griffith* v. *Crockford,* 3 Brod. & Bing. 1. But there are several cases to the contrary. Vide note to *Jared* v. *Goodtitle,* cited in the text.