## George Dunbar

### *v.*

### Morris L. Hallowell *et al.*

JUDGMENTS FROM OTHER STATES. In an action of debt brought upon a judgment rendered in the State of New Jersey by a superior court of general jurisdiction, the record being silent as to service of process, the judgment itself is *prima facie* evidence of jurisdiction.

WRIT OF ERROR to the Circuit Court of Cook county; Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of debt brought upon a judgment rendered in the Circuit Court of Mercer county, New Jersey. The only question before this court was as to the effect of the record as evidence, it not showing, affirmatively, service of process. In the court below, the plaintiff had judgment.

Messrs. BATES & TOUSLEE, for the plaintiff in error.

Messrs. FULLER, HAM & SHEPHARD, for the defendant in error.

Dunbar *v.* Hallowell et al.

Mr. Justice Lawrence delivered the opinion of the Court : *

This is an action of debt, brought upon a judgment rendered in the Circuit Court of Mercer county, in the State of New Jersey. It is not denied by the plaintiff in error that the court rendering the judgment was a superior court of general jurisdiction. The record does not show, affirmatively, that there was service of process on the defendant, nor does it show that there was not. It is simply silent.

It is contended by the plaintiff in error that this record is not even *prima facie* evidence of jurisdiction. This is the only question presented for the decision of the court.

We consider the point too well settled for serious controversy.

It was said in *Peacock* v. *Bell*, 1 Saund. 74, "the rule for jurisdiction is this, that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears to be so ; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court, but that which is so expressly alleged." This language has been so often repeated by courts and text writers, as to have become a maxim.

This principle applies as well to judgments rendered in other States of the Federal Union, when sought to be enforced in this State, as to judgments rendered by our own courts. Prior to the case of *Mills* v. *Duryee*, 7 Cranch, 481, as was remarked by this court in *Bimeler* v. *Dawson*, 4 Scam. 541, the judgments of courts of other states were generally regarded as foreign judgments, by the decisions of the State courts. But since that case, the current of authorities is almost uniform in favor of regarding them as substantially domestic judgments, for the purposes of evidence.

The rule in this State, in regard to jurisdiction, as settled by repeated decisions of this court, is, that while the jurisdiction must affirmatively appear upon the record when the

---

* Mr. Justice Lawrence was not upon the bench when this cause was submitted, but having been submitted on printed arguments, it was not decided until after he came on the bench, and the record then fell to him.

question comes up directly upon appeal, or by writ of error, yet when the question is raised collaterally, upon a judgment rendered by a superior court in another state, it will be presumed, in the absence of proof, that the court rendering the judgment had jurisdiction.

The judgment itself is *prima facie* evidence of jurisdiction. *Horton* v. *Critchfield*, 18 Ill. 135 ; *Propst* v. *Meadows*, 13 id. 168 ; *Beaubien* v. *Brinkerhoff*, 2 Scam. 272 ; *Kenney* v. *Greer*, 13 Ill. 432 ; *Grigum's Lessee* v. *Astor*, 2 How. 319 ; *Foot* v. *Stevens*, 17 Wend. 483.

In the case first above quoted the record was from another State, as in the present case. We regard the rule as not only well settled by authority, but as resting upon the soundest considerations of public policy.

*Judgment affirmed.*