## WILLIAM H. REAUGH

*v.*

## MURRAY McCONNEL, AND GEORGE M. McCONNEL.

1. NOTICE OF ATTACHMENT—*one sufficient.* Notice of the pendency of an attachment suit once made by publication, renders another notice by publication unnecessary on the remand of the cause from this court, for another trial. The defendant prosecuting a writ of error to this court, and succeeding here, is in court to which the cause is remanded.

2. VARIANCE IN NAME—*error to dismiss for.* It is error to dismiss a suit

by attachment for a supposed variance between the name by which the party is sued, and the name in the notice by publication.

3.    The proper course is to plead in abatement.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. D. M. WOODSON, Judge, presiding.

The defendants in error commenced an action of assumpsit against the plaintiff in error, by attachment. The affidavit on which the writ of attachment issued, was dated August 11, 1862, and the writ made returnable to the September term of the Morgan Circuit Court. The writ was levied on certain real estate in Morgan county, and duly returned. A declaration was filed at the September term, 1862, and notice by publication to the defendant, to appear and plead at that term, was presented to the court. A judgment by default was entered, and the cause brought to this court at the January term, 1864, and errors assigned, where, on the errors being confessed by the defendants in error, the judgment was reversed, and the cause remanded to the Morgan Circuit Court.

On the remand of the cause, the clerk of the Circuit Court caused a new notice to be published of the pendency of the suit, and for the appearance of the defendant, at the September term, 1864. In this notice, the name of the defendant is William H. *Reigh,* while in the affidavit and declaration on file, it is William H. *Reaugh.*

At the September term, 1864, the defendant entered his motion to quash the notice of publication, insisting that it was not a notice to the defendant, but to a person of a different name.

The court denied the motion, and, no defense being made, a judgment by *nil dicit* was rendered against William H. Reaugh, and the damages assessed at one hundred dollars, on which final judgment was entered.

The case is brought here by writ of error, and the following errors assigned : First, the court erred in assuming jurisdiction in the case, and in rendering judgment against the defendant ; Second, in overruling the motion to quash the notice of publication ; and there was joinder in error.

Messrs. MORRISON AND EPLER, for the Plaintiff in Error, argued that as the declaration, and all the orders in the case, were in the name of M. and G. M. McConnel *vs.* William H. Reaugh, and the notice was to William H. Reigh, there was a material variance, and that the maxim *idem sonans*, cannot apply ; and cited *Schoonhoven* v. *Gott*, 20 Ill. 46.

They also insisted, that the Circuit Court, by this notice, obtained no jurisdiction of the person of William H. Reaugh, citing *Emery* v. *Hall*, 30 Ill. 116, and that the motion made by defendant, to quash the notice, was not such an appearance of defendant as to give the court jurisdiction, citing *Schoonhoven* v. *Gott, supra.*

They also urged, that as the variance appeared on the face of the papers, the objection could be made by motion, a plea in abatement not being necessary, citing *Holloway* v. *Freeman*, 22 Ill. 197.

Mr. M. McCONNEL, for the Defendants in Error, argued that defendant should have pleaded in abatement, and given his true name. He also referred to the 9th and 13th sections of the statute of amendments and jeofails, and to sections eight, thirty-four and thirty-five, of the attachment law.

Mr. JUSTICE BREESE delivered the opinion of the Court.

The plaintiff in error was in court by force of the proceedings on the first writ of error, sued out and prosecuted by himself. The judgment against him was reversed, and the cause remanded to the Circuit Court, consequently, no additional notice by the clerk of the pendency of the suit was necessary, and if the clerk, of his own mere motion, gave such notice, or caused one to be published, and that, too, imperfect and defective, it cannot and should not prejudice the defendants in error. The plaintiff in error was properly in court on the remand of the cause. No matter, then, how imperfect the second notice may have been, as it was supererogatory and superfluous.

We are not satisfied the question here could properly be

raised by motion.    The cases referred to are not like this.    It is so difficult to know the true names of persons from their manner of spelling them, especially those of foreign birth, as this plaintiff, from his name, would seem to be, that a party ought to have the opportunity of showing the person was known by the name by which he is sued, or that, spelled as it may be, it was pronounced in a certain way, and for this purpose, the party making the objection should plead in abatement.    The judgment must be affirmed.

*Judgment affirmed.*