# NARCISSE PENSONEAU
## *v.*
## OSCAR HEINRICH.

1. FORCIBLE DETAINER—*by whom it may be maintained.* Where the decree in a proceeding to enforce a mechanic's lien directed a sale of the premises if the money was not paid within ninety days, the defendant was thereby afforded the opportunity to redeem from the lien declared in the decree at any time before the sale, and upon a sale being had, and a deed made by the master to the purchaser, the latter may maintain an action of forcible detainer against the defendant in possession, under the act of 1861, relating to such actions, notwithstanding there was no right of redemption after the sale.*

2. EVIDENCE—*effect of a decree as evidence that the court had jurisdiction of the person of the defendant.* In an action of forcible entry by the purchaser under a decree in a proceeding to enforce a mechanic's lien, such decree is *prima facie* evidence that the court in which it was rendered had jurisdiction of the person of the defendant in that proceeding, although the decree fails to find that he was served with process, or entered his appearance, the presumption always being in favor of a court of general jurisdiction, in that regard.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. JAMES DILL, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of forcible detainer, brought by appellee, before a justice of the peace in St. Clair county, against appellant, to recover possession of the premises in controversy. On

---

*After the decree and sale in the case here referred to, the act of 1869 was passed, giving a right of redemption *after* the sale in a proceeding to enforce a mechanic's lien. Gross' Comp. p. 426.

a trial, the justice of the peace rendered judgment that appellee recover the possession of the premises, and the case was thereupon removed to the circuit court on appeal, where a trial was had with a similar result, and the record is brought to this court, and we are asked to reverse the judgment of the court below.

The record discloses the fact that appellee, at the October term, 1864, obtained a decree on a petition to enforce a mechanic's lien against the premises, finding that the lien existed, and ordering its payment within ninety days, and in default thereof that the master sell the premises and execute a deed of conveyance to the purchaser. Appellant having failed to pay the money, after the expiration of the time limited, the master, in pursuance to the requirements of the decree, sold the premises and appellee became the purchaser, and the master executed to him a deed of conveyance.

After obtaining the deed, appellee demanded of appellant possession of the premises, which being refused, this suit was thereupon brought. The question now submitted for our consideration is, whether the action of forcible detainer will lie by the purchaser at a master's sale without redemption.

This question involves the construction of the act of 1861. It declares that the action may be maintained in all cases of the sale of lands under a judgment or a decree of a court of this State, and the party to such judgment or decree, after the expiration of the time for redemption, refuses, after demand in writing by the purchaser under the same, to surrender possession thereof. It is contended that the action at bar does not fall within the provisions of this law, as the sale was made without redemption, and hence a demand for possession could not be made after the time for redemption had expired. Such is not the true construction of this act. The decree under which this sale was made found the sum due appellee, and that it was a lien upon the land, and gave to appellant ninety days within which to redeem from the lien. He could have redeemed at any time before the sale, but did not avail of the privilege.

The redemption, then, expired before the sale was made. This sale was not only within the spirit, but within the letter of the statute, and the action was properly brought.

We perceive no error in admitting the decree in evidence. Its production is *prima facie* evidence that the court rendering it had jurisdiction of both the subject matter and of the person of the parties. The decree was rendered by a court of general jurisdiction, and the presumption of jurisdiction is always indulged in favor of judgments and decrees of such courts. In an action of ejectment, the production of the judgment, execution and sheriff's deed is always held to make a *prima facie* case against the defendant. Upon the production of the decree and master's deed, appellee made a *prima facie* case, and it devolved upon appellant to overcome the case thus made, by showing that the circuit court had no jurisdiction of the person of appellant, when the decree was rendered. Had that been shown, as the decree failed to find that he had been served or had entered his appearance, then a recovery would have been defeated.

We have examined the case of *Miller* v. *Handy*, 40 Ill. 449, but fail to see how that case is an authority in support of appellant's position in this case. It holds that there must be service, either actual or constructive, to confer jurisdiction; and on a *scire facias*, where a term intervened between the teste and return, it was held the writ was void. But it was also held that if the judgment found there was service, the court must, in a collateral proceeding, presume it was true until overcome by countervailing evidence. It is not said in that case that the person claiming under the judgment and sale must produce evidence that the court had jurisdiction before he could read the judgment, execution and deed in evidence. This decree having been rendered by a court of general jurisdiction, the same presumption must prevail that would had it been a judgment at law. We perceive no error in this record, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*