## Matej Cigler, Appellee, v. Mary Keinath et al., Appellants.

## Gen. No. 16,057.

1. JURISDICTION—*presumptions in aid.* Where a court of general jurisdiction adjudicates a cause, the presumption is that it had jurisdiction of the parties, unless there is something in the record affirmatively showing the contrary. The fact that the record is silent on that question is not enough to overcome this presumption.

2. JURISDICTION—*to what actions presumptions which aid, apply.* The presumption which aids the jurisdiction of courts of general jurisdiction

applies to decrees in proceedings for mechanic's liens, the same as to judgments at law.

3. CORAM NOBIS—*when section 89 of Practice Act inapplicable.* Section 89 of the Practice Act which provides a motion as a substitute for the writ of error *coram nobis,* has no application to chancery causes.

4. DECREES—*when jurisdiction of chancery lost.* A court of chancery loses jurisdiction over its decrees after the lapse of the term of entry.

5. WRITS OF ASSISTANCE—*what questions properly considered upon application for.* Upon an application for a writ of assistance the jurisdiction of the court in the original cause is a proper subject for consideration.

6. WRITS OF ASSISTANCE—*what issues not presented upon application for.* A question of title cannot be tried on an application for a writ of assistance any more than it can be tried in an action of forcible entry and detainer. Neither can the original case be reviewed, or its decree modified, on such application any more than in a proceeding for contempt for a failure to obey the decree.

7. APPEARANCE—*presumption as to authority.* The authority of an attorney to enter the appearance of an adult party to a suit will be presumed from the fact that he has entered the appearance, until the want of authority is made to appear. The burden of proving the facts tending to impeach the jurisdiction of the court is on the party denying the jurisdiction.

8. APPEARANCE—*how authority of attorney questioned.* A collateral attack cannot be made upon a decree by asserting that an appearance entered by an attorney was unauthorized. The question of the authority of such attorney must be raised and determined in a direct proceeding.

9. SERVICE OF PROCESS—*when upon minors established. Held,* under the evidence in this case, that service upon minor defendants was established.

Mechanic's lien. Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed January 17, 1912.

JOHN C. WILSON, for appellants.

CHARLES T. FARSON, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

On April 12, 1907, a decree was entered in the Superior Court of Cook county, establishing a mechanic's lien on the property therein described and ordering the sale of such premises to satisfy the claim. The claim was not paid and the premises were sold, and appellee became the purchaser. After the time for redemption had expired appellee received a deed for the premises. Thereafter appellee made a demand on appellants for possession of the premises, and on March 30, 1909, possession not being surrendered to him, appellee moved for a writ of assistance. On the same day appellants appeared and filed a cross-motion to set aside and vacate the decree of sale and the order approving the same, because the same were null and void for the reason that two of the defendants who were minors were not personally served with summons and that Charles Vesely, who entered the appearance of such of the appellants as were then adults, was not authorized so to do. The motion of appellants was denied and the motion of appellee was allowed and a writ of assistance was ordered. This action of the court is assigned for error.

The contention of appellants is that the court did not have jurisdiction of appellants when the original decree, establishing the lien and ordering the sale of the premises to satisfy the claim, was entered.

The Superior Court is a court of original, general jurisdiction. Every presumption not inconsistent with the facts shown in the record is in favor of the jurisdiction of courts of that character. Where a court of general jurisdiction adjudicates a cause, the presumption is that it had jurisdiction of the parties, unless there is something in the record affirmatively showing the contrary. The fact that the record is silent on that question is not enough to overcome this presumption. Forrest v. Fey, 218 Ill. 165; Benefield v. Albert, 132 Ill. 665. This presumption applies to decrees in proceedings for mechanic's lien the same as to judgments at

law. Pensoneau v. Heinrich, 54 Ill. 271. Appellants
contend that the facts disclosed by the affidavits filed
with the motions above referred to overcome this pre-
sumption, and affirmatively show the lack of jurisdic-
tion. The motion of appellants to set aside and vacate
the decree establishing the lien and the order approv-
ing the sale was made long after the term of court at
which they were entered had ended, and was an at-
tempt by the motion provided for in section 89 of the
Practice Act, as a substitute for the writ of error
*coram nobis,* to have the court that entered the same
review its own findings of fact and correct the same if
found to be erroneous. That section of the Practice
Act does not apply to cases in chancery. Tosetti
Brewing Co. v. Koehler, 200 Ill. 369. While courts of
chancery have control over their orders and decrees
during the term at which the same are entered, they
have no such control at a subsequent term and when
the cause is no longer pending in the court. Appel-
lant's motion was, therefore, properly denied.

While appellants' motion could not be entertained,
the question of jurisdiction was properly before the
court on the motion of appellee for a writ of assistance,
for if the original decree was void for want of jurisdic-
tion, the writ of assistance could not properly be
ordered.

If the court had jurisdiction of the minor defendants,
it must have been by the service of summons. No con-
structive service is claimed. In support of their con-
tention that there was no service of summons on the
minor defendants, appellants filed two affidavits. One
was made by Peter Rudolph, one of the minor defend-
ants, in which he says no summons was served on him
*so far as he knows.* The other is the affidavit of the
solicitor for appellants in which he says he has ex-
amined the clerk's register in the cause and that a
paper presented with the affidavit is a correct tran-
script of that register. That paper shows the issuance

of a summons on January 28, 1907, and an alias summons on March 4, 1907, but does not show a return of either summons or who were named in either as defendants. The affiant further says that the docket of the sheriff in the cause shows only the following:

"Number 1028. Matej Cigler vs. Mary Kienert et al. 258057. Als. chy. sums. Chas. T. Farson. Date Jan. 28. Returnable, Mch. Given to ———— Ahern. Proceedings and return: Svd. Peter Rudolph and Henry Rudolph. 1-28-07. Fee $3.00."

It was stipulated at the hearing of the motion for the writ of assistance that the summons shown by the clerk's record was lost or destroyed and was not in the possession of either of the parties. To support the presumption of jurisdiction referred to appellee filed the affidavit of Charles Vesely, in which affidavit he states that he was in the office of the sheriff of Cook county on January 28, 1907, in company with Peter and Henry Rudolph, the two minor defendants, and that they were then personally served with summons in this cause in his presence by a deputy sheriff by the name of Ahern. Upon a consideration of all these affidavits and the records referred to and the stipulation made, there is, we think, ample proof that the summons was issued and served on the minor defendants in apt time, and that the court had jurisdiction over them when the decree for sale and the order confirming the sale were entered.

It was further stipulated between the parties on the hearing of the motion of appellee for a writ of assistance that no service of summons was ever obtained on Mary and Ernest Keinath and Frances and John Collins, and that their appearance was entered in the original cause by Charles Vesely purporting to act as their solicitor. The right of Vesely to so enter their appearance or represent them is challenged by appellants. The authority of an attorney to enter the appearance of an adult party to a suit will be presumed from the

fact that he has entered the appearance, until the want of authority is made to appear. Ferris v. Commercial Nat. Bk., 158 Ill. 237; Martin v. Judd, 60 Ill. 78; Ransom v. Jones, 1 Scam. 291; The People v. Parker, 231 Ill. 478. The burden of proving the facts tending to impeach the jurisdiction of the court is on the party denying the jurisdiction. Pensoneau v. Heinrich, 54 Ill. 271-273; Whittaker v. Whittaker, 151 Ill. 266-271. Even if the appearance of these appellants was entered by Vesely without authority, that would not render the judgment void for want of jurisdiction, but voidable only, and its validity can only be attacked in a direct proceeding for that purpose. Until it is so attacked, it is binding on all the parties to it. Peak v. Shasted, 21 Ill. 137; Martin v. Judd, 60 Ill. 78-84.

Direct and collateral attacks are well defined in Schneider v. Sellers, 25 Tex. Civ. App. 226, as follows:

"A direct attack upon a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of the same, in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc.; while a collateral attack is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid, as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness, or where, in a suit to try title to property, but a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effects, etc."

While a writ of assistance is ancillary to the original proceeding, in the sense that the right to the writ is dependent on a title derived through a judicial sale under a decree entered in the original proceeding (State v. Superior Court of Thurston Co., 21 Wash. 469,) and the writ can issue only against a party to the original proceeding, or one who has come into possession *pendente lite,* it is to all intents and purposes a

new and independent suit, and the writ must be issued, if at all, at the instance of the owner of the title acquired under the judicial sale, whether he was one of the parties to the original suit or not. The question of title cannot be tried on an application for this writ any more than it could be tried in an action in forcible entry and detainer. Kerr v. Brawley, 193 Ill. 205. Neither can the original case be reviewed, or its decree modified, on such application any more than in a proceeding for contempt for a failure to obey the decree. The attack on the jurisdiction of the court made by filing counter affidavits on the motion for the writ of assistance was clearly a collateral attack, and so far as it was sought by that means to question the authority of Vesely to enter the appearance of the adult defendants, presented a question that could not be determined or considered by the court in such an attack.

There was no error committed by the court in allowing the motion of appellee for the writ of assistance, nor in ordering that writ to issue. The order of the court below is, therefore, affirmed.

*Order affirmed.*