**Minnie Rode and Ed Rode, Appellees, v. Peter Eftimoff and Frances Eftimoff, Appellants.**

Opinion filed September 19, 1932.

O. M. HILL and THOS. P. MOORE, for appellants.

M. R. SULLIVAN, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

This was a suit in chancery by appellees against appellants to cancel a contract for the sale of two lots sold to appellants by appellees under contracts on monthly payments.

The contracts were dated July 24, 1926, and May 3, 1927, and the bill alleges that after the execution of the contracts a survey was made of the lots and it was ascertained that a triangular piece, containing .046 of an acre did not belong to appellees; that title to same could not be conveyed and prayed that the contracts of sale be canceled by the court and the equities between the parties adjusted.

After answer was filed, the cause was referred to the master in chancery, proofs taken, report filed, exceptions overruled and a final decree entered on December 30, 1930, which was one of the days of the October Term A. D. 1930 of the circuit court of Madison county.

No appeal was prayed or prosecuted from the entry of this decree. By the terms of said decree the appellees were required to pay appellants the sum of $330 with interest, the same being the amount paid by them upon said contracts of purchase and that appellants be required to remove their improvements from the premises within 30 days at the expense of the appellees.

During the January Term, 1931, of said court no orders appear to have been entered in said cause until the 6th day of March, A. D. 1931, when a hearing on citation was continued. On April 27, 1931, which was during the March Term of said court the record shows the following:

"And now on this day motion to set aside judgment argued and denied. Hearing on citation. It is ordered that Peter Eftimoff and Frances Eftimoff, comply with court order to remove building instanter or be committed to the county jail for contempt of court."

On May 7, 1931, an attachment for contempt was issued by the clerk against both Peter Eftimoff and Frances Eftimoff and delivered to the sheriff, who placed appellants in his custody.

The record includes a return to citation signed by the solicitors for appellants but it is unsworn and without any file marks on the part of the clerk.

On May 13, 1931, the court entered a further order committing appellants to jail for contempt and also attempting to modify original decree by providing that if appellants would accept the sum of $600 for the buildings on the premises in question and execute a

bill of sale to appellees for same, they would be purged of contempt but otherwise the order of commitment should remain in full force and effect.

It was from this last order that an appeal was prosecuted by appellants.

Many objections are urged to the terms of the original decree but that was a final order adjusting the rights of the parties and a disposal of the subject matter of the suit.

It would now be necessary for appellants to sue out a writ of error to obtain any relief from the terms of that decree.

There was no warrant or authority for the entry by the court of the modification of the original decree entered by it on May 13, 1931. A court of chancery loses jurisdiction over its decrees after the lapse of the term of entry. *Cigler v. Keinath,* 167 Ill. App. 65; *Tosetti Brewing Co. v. Koehler,* 200 Ill. 369.

Neither was the court authorized or warranted in entering on April 27, 1931, the order committing appellants to the county jail for contempt of court. The acts alleged to have been in contempt of court were all committed outside the presence of the court and no petition or interrogatories were filed and no proper proceedings had upon which such an order could be based. *Hake v. People,* 230 Ill. 174.

The order modifying the decree under date of May 13, 1931, and the order of commitment of appellants for contempt and all proceedings thereunder were entirely void and of no force and effect and as to those orders the case should be reversed and appellants will have to sue out a writ of error if they seek to complain of the terms of the original decree of December 30, 1930.

*Reversed.*