Abel W. Thompson, appellant, *v.* Robert Schuyler *et al.*, appellees.

*Appeal from Mercer.*

A suit in ejectment was commenced by A. against B., who appeared and pleaded. At a subsequent term, leave was given by the Court to substitute C. in the place of B. and to plead anew. At the next term thereafter, the case was docketed against C. as defendant, and tried by a jury without any further plea, who rendered a verdict for plaintiffs, upon which judgment was rendered by the Court. The record showed the appearance of C. and that he defended the cause at every step: *Held*, that it sufficiently appeared that C. was made defendant by his own consent, and was, as such, properly a party to the suit.

Where an action of ejectment is commenced against a tenant in possession, the landlord may appear, defend and control the cause in the name of the tenant, if he will indemnify him against costs; and the name of the landlord may be entered on the record as defendant in place of the tenant. But it would be improper to alter the declaration so as to show that the cause was originally commenced against the landlord, unless he would file a stipulation admitting his possession at the time of the commencement of the suit; for it is necessary for the plaintiff to show, in addition to his title, that the defendant was in possession at that time. The Court then might direct the pleadings to be altered as desired.

An Auditor's deed, without date or acknowledgment, for the taxes of the year 1831, on a sale made in 1832, and without any proof that the pre-requisites of

the law had been complied with, was offered and read in evidence: *Held,* that the date m'ght be proved by parol, and that the presumption was that such proof was made to the Court below, nothing appearing to the contrary in the bill of exceptions, and that the deed was executed prior to Feb. 27, 1833: *Held,* also, as heretofore, that an Auditor's deed need not be acknowledged or recorded, or proof produced that the pre-requisites of the law had been complied with.

A deed, purporting to be acknowledged before a Commissioner of deeds of the State and City of New York, and without any certificate of his official character, was offered and read in evidence: *Held,* that no certificate of such official character need be produced.

EJECTMENT in the Mercer Circuit Court, brought by the appellees against one Gilbert Brewer, tenant of the appellant, and heard before the Hon. Thomas C. Browne and a jury, at the May term 1845, when a verdict and judgment was rendered in favor of the plaintiffs below. The defendant appealed.

The various proceedings in the Court below will appear in the Opinion of the Court.

*W. A. Minshall,* for the appellant, submitted the cause upon an abstract, and the following brief:

1. Verdict and judgment against Thompson. No declaration against him, or any plea for him, and no notice and copy of declaration served on him, or accepted by him, and no plea on his part to the action. For this the judgment is erroneous. Without a plea filed by Thompson, or his attorney for him, there was no appearance on his part. See Eject. Law, 1839, § 17, 222. The order of the Court, making him a defendant, required new pleading.

2. The judgment is erroneous in overruling defendant's objection to the tax deed, there being no proof of the execution of the deed by Stapp, or proof of his signature, nor any acknowledgment in lieu thereof. But it is gravely contended by the opposite counsel that the tax deed is a Patent, or equal to a Patent, and subject to the same rules of construction. But to set him right on the subject, I refer him to the case of *Boardman v. The Lessees of Reed,* 6 Peters, 328, where the Supreme Court of the United States have decided expressly to the contrary.

3. The Auditor's deed is blank as to the time when it was made, and no evidence in connection with the deed, showing it to have been executed before the commencement of the suit; and by plaintiff's own showing, they had no title at the time of the demise laid in the declaration, without which they ought not to recover in ejectment. Nor does it appear that the Auditor's deed was made before the law of 1833, repealing the law of 1827, which takes away the power of the Auditor to make such deed; see *Butler* v. *Palmer*, 1 Hill's (N.Y.)R., where it is held, that an executory right to redeem under a statute not executed till after the repeal of the statute, the right is gone by the repealing clause, pp. 334-6. So here, if the deed was not made till after the passage of the law of 1833, the Auditor's power to make the deed is gone, and all deeds made by him since, void.

Again, the deed in question not being complete under the statute of 1827, but blank as to the time when made, and so not in pursuance of that law, the provisions of the law of 1829, supplemental to the law of 1827, making the Auditor's deed evidence of the regularity and legality of the sale, till the contrary is made to appear, does not apply to this deed; and the plaintiff, therefore, should have been required to prove the substantial pre-requisites required by law under such sales before any title will pass.

The judgment is also erroneous, there being no sufficient verdict in law upon which to found the judgment; the verdict not finding, as the Act of 1839 requires, the nature of the estate to be established on the trial of the cause. To recover under this Act, they must not only have a valid subsisting interest in the premises at the commencement of the action, but must also establish the same on the trial, and the verdict must respond to the evidence, and find and specify the estate which shall have been established on the trial by the plaintiff. This verdict only finds that the plaintiff was seized of an estate in fee, at the commencement of the suit. See Ejectment Law, 1839, 220, § 3, and 224, 7th specification of the verdict in § 24.

This proceeding is an anomaly. It is not an action of

ejectment in the ordinary, or common law mode, nor is it a proceeding under the Ejectment Law of 1839. That law confines the action to the real parties in possession, or exercising ownership over the premises, and by a person having right or title at the time of trial. See §§ 3, 4, 5, of Ejectment Law of 1839, 220. There is nothing in this Act authorizing the substitution of a different person; and if there is, there is nothing in the record showing that Thompson was in possession, or exercised any ownership over the premises, which is indispensable under our Ejectment Law. Without this, or any declaration against him, or plea for him, the judgment against him in this action is wholly unwarranted and unprecedented. The authorities and arguments of plaintiff's counsel concerning other cases of waiver, have no application to this case.

*A. Williams & A. Johnston,* for the appellees, submitted the following argument in writing:

1. The first error relied on is, that there was no declaration or issue against Thompson. At the time he was substituted in the stead of Brewer, as defendant, there was a declaration, plea and issue against Brewer. Thompson, by the record, is made defendant to the suit and declaration then in Court, in like manner as representatives are made parties to suits, where the original parties die during their pendency. The proper suggestion is made upon the record, and the suit is continued against the new parties, in lieu of the original parties. There is no necessity for a new declaration; the issue remains the same, to wit: the title of the plaintiff, and the possession of the original defendant, at the time of suit brought; and if the new defendant fails to plead according to leave given, he is understood to adopt and abide by the issue already joined.

The practice of filing a new declaration against the tenant, when substituted for the casual ejector under the old action of ejectment, is not analagous. Under the old action, the casual ejector was a wholly fictitious person, there was really no defendant in Court, until the tenant in possession

Thompson *v.* Schuyler *et al.*

came in and was made a party, and the issue was in fact against him, and involved the question of his possession. But under our statute, the suit is commenced against the real defendant, the question is of his possession, and the new party on the record is admitted, not as under the old practice, to receive a declaration and reply to it, but to defend the suit already brought. He is substituted, as already stated, in the same manner as a representative is substituted on the death of a party, by a suggestion and entry on the record.

If any formal amendment were necesary to be made, the Courts at this day will consider it as made, instead of staying proceedings and directing it to be done, so as to support the verdict.

In support of these positions, the Court is referred to the following authorities:

Parties appeared by attorneys, there was no plea filed, and, without any objection being made, they went to trial. There was trial, verdict, and judgment for the plaintiff. The Supreme Court held there was no error, and refused to set aside the judgment. *Brazzle* v. *Usher*, Bre. 14.

Pending an appeal in the Court of Appeals the defendant died, and the cause was revived against his executors. Afterwards, the cause being remanded to the Court below, there was a trial and verdict, the executors not applying to plead *de novo*. The judgment was arrested on motion, but the Court of Appeals reversed that decision, and gave judgment for the plaintiff, saying that it was for the executors to have applied to plead *de novo*, had they desired it. *Murdoch* v. *Herndon's Ex'rs*, 4 Hen. & Mun. 200.

Two pleas were filed, the general issue and the statute of limitations. Issue was joined on the first plea, but not on the second. The parties went to trial, the defendant appearing by attorney, and the defendant had the benefit of the latter plea at the trial, as if issue had been joined. After verdict for the plaintiff, the Court refused to set aside the proceedings, and gave the plaintiff leave to amend, by making up the issue, so as to support the verdict. *Snyder* v. *Snyder*,

4 Cowen, 394; see, also, *Cook* v. *Burke*, 5 Taun. 164; *Grundy* v. *Mell*, 4 Bos. & Puller, 28; Graham's Pr. 645.

The practice in England was formerly to stay proceedings until the record was amended in the Court below, and then to grant a *certiorari;* but at this day, Courts will consider an amendment as made, in cases in which it would be proper to allow it to be made. *Stephens* v. *White*, 2 Wash. Va. R. 212, top page 272.

2. There is no force in the second error relied on. The sale was made under the law of 1829, which has been the subject of adjudication in the cases of *Graves* v. *Bruen*, 1 Gilman, 167, and *Vance* v. *Schuyler*, Ibid, 160, decided at the last term of this Court. Deeds offered under identical circumstances with this one, were held to have been properly admitted in those cases; and in the former case, it was held, that the Auditor's deed, being a patent emanating from the State, required no proof of its execution, &c. The objection taken in this case, however, was for want of the preliminary proof of the regularity of the sale, a point decided expressly in the cases above quoted. The bill of exceptions does not state that all the evidence is given in it, nor that the execution of the deed was not proven.

It has been decided by this Court, ( *Gilham* v. *State Bank*, 2 Scam. 250; *Cross* v. *Bryant*, 2 do. 42; and *Reed* v. *Phillips*, 4 do. 41;) that "an objection, which might be obviated by further proof, must be taken and insisted on at the trial, or it is not ground of error;" and, that "where the bill of exceptions does not show that a deed was objected to, for want of proof of execution, it will be presumed such proof was made."

3. The third error assigned is, that the deed from Moulton and others was improperly admitted, there being no certificate from the clerk, &c. of the official character of the Commissioner of deeds, who took the acknowledgment. The same question was raised upon the same deed, in the case of *Vance* v. *Schuyler*, 1 Gilman, 160, already referred to, which was decided at the last term of this Court, and the deed was sustained.

4. & 5.   The fourth and fifth assignments are general and are sufficiently answered above.

The Opinion of the Court was delivered by

CATON, J.   This is an action of *ejectment* commenced in the Mercer Circuit Court at the May term 1844, by the present defendants against Gilbert Brewer.   Declaration and notice in the usual form, and the defendant, Brewer, filed a plea of not guilty, at the May term 1844.   At the September term 1844, we find the following order entered after the title of the cause.   "By consent of parties, it is ordered by the Court that Abel W. Thompson be made defendant in the place of the now defendant, Gilbert Brewer, and leave given to plead anew and continued at the costs of plaintiffs."   No other pleadings appear in the case.   The cause, at the May term 1845, was entitled as against Abel W. Thompson as defendant, and at that term was tried by a jury, and a verdict and judgment rendered for the plaintiffs.   The bill of exceptions show that the plaintiffs to maintain the issues on their part, offered in evidence an Auditor's deed without a date, signed by James T. B. Stapp, for taxes for the year 1831, on a sale made in 1832, without any other proof of the sale, or that the pre-requisites of the law had been complied with. To the admission of this deed, the defendant's counsel objected, for the reason that it was not shown to have been made upon authority of law, nor acknowledged; which objection was overruled by the Court, and the deed read to the jury, and the defendant excepted.   The bill of exceptions further shows that the plaintiffs also offered to read in evidence a deed from Moulton and others to plaintiffs, which was acknowledged in due form before John N. Taylor, as a commissioner, to take the acknowledgments of deeds of the State and city of New York, without any certificate of the official character of the commissioner.   The objection was overruled, the deed read, and an exception taken.

The first question naturally presented for the consideration of the Court is, whether the Court obtained jurisdiction of the person of the defendant, Thompson.   The solution of

that question depends entirely upon the question, whether Thompson appeared in the Court below, and by his own consent was made a party defendant in the cause, in place of Brewer, his tenant, as we presume. We think this sufficiently appears from the record. It appears from the record that at the September term 1844, by consent of parties, Thompson was made defendant in place of Brewer. By this we understand, that the order was made with the consent of Thompson, as well as both the former parties to the suit. But if there were any doubts on this subject from the language of the order, that doubt would be removed by the subsequent entries on the record, which show that Thompson appeared and defended the cause at every step, from the time said order was entered, till the final judgment was rendered. We are of opinion, that it sufficiently appears that Thompson was made defendant by his own consent, and was, as such, properly a party to the suit.

No new declaration was filed against Thompson, after he became defendant, nor was the original declaration so altered, or amended as to present his name as defendant therein. Nor did Thompson file any new plea, but the cause was tried on the issue as made up with Brewer, while he stood as defendant. By the ejectment law of 1839, fictitious parties are dispensed with and the suit is required to be commenced against the person in possession, by the real plaintiff, directly. Where the suit is commenced against a tenant, we do not doubt the right of the landlord to appear, and defend and control the cause in the name of the tenant, if he will indemnify him against costs. Nor do we see any inconvenience or impropriety in allowing the name of the landlord to be placed on the record as defendant, in place of the tenant; but there would be a manifest impropriety in going back and altering the declaration so as to show that the case was originally commenced against the landlord, unless he would file a stipulation admitting his possession at the time of the commencement of the suit; for it is necessary for the plaintiff to show, in addition to his title, that the defendant was in possession at the time. On application of the landlord, and on

Thompson *v*. Schuyler *et al*.

filing such a stipulation, the Court might direct the pleadings to be altered as desired.   In this case, no such application was made, nor did Thompson ever file a new plea under the leave given him at the time his name was placed upon the record; but he chose to go to trial upon the issue formed by Brewer, and it does not appear but under that issue his rights could be properly tried.

We will next inquire whether the Court erred in over-ruling the objections to the Auditor's deed.   To that deed it was objected *first*, that it was not shown to have been made upon authority of law; and, *secondly*, that it was not acknowledged.   If, under the first objection, we are to understand that it should have been shown that all the pre-requisites which the law requires, should have been shown to have existed, before the Auditor was authorized to make the deed, in order to entitle it to be read in evidence to the jury, it was not well founded.   That question was decided at the last term, in the case of *Vance* v. *Schuyler*, 1 Gilman, 160. Under this broad objection, however, it may possibly be said, that although no such intimation has come from counsel, that, as there is no date to the deed, the presumption is that the deed was made by the Auditor, after the 27th day of February, 1833, when the laws of 1827 and 1829, which authorized the Auditor to make such deeds, were repealed. The time of the execution and the delivery of an Auditor's deed may be proved by parol, as well as of any other deed, so that it was competent for the party to show by parol, that this deed was made before the repeal of the law under which it was made, and when the Auditor had authority to make it.   This Court has often decided the principle, that when the propriety of the decision depends upon the state of the proof which may have been given, and there is no intimation in the bill of exceptions that the proof, which rendered the decision proper, was not given, the appellate Court will presume in favor of the decision below, rather than against it; and that the necessary proof had been presented, and we cannot doubt that counsel prepare their bills of exception in view of that rule; and in reference to that rule they are

signed by the judge. If the rule were understood differently, the counsel on the other side would take care that the evidence is in, showing the propriety of the decision; but as the rule is universally understood, the party taking the exception shows affirmatively that the decision was erroneous, or at least show, that the objection was made for the want of such proof. The presumption then is, that there was proof tending to show that the deed was made before the law of 1829 was repealed, if indeed that question was ever raised, or thought of in the Court below, which is very doubtful from the bill of exceptions. In the case of *Graves* v. *Bruen*, decided at the last term of this Court, (1 Gilman, 167,) it was held that an Auditor's deed need not be acknowledged or recorded.

The only remaining question in this case was decided by this Court in that of *Vance* v. *Schuyler*, before referred to, where it was held, that no certificate of the official character of a commissioner in another State, before whom the acknowledgment of a deed is taken, need be produced. That disposes of the objection to the deed of Moulton and others, which concludes the examination of the errors assigned.

The judgment of the Circuit Court is affirmed with costs.

Lockwood, J., dissented.

*Judgment affirmed.*