## JOHN C. CLYMORE

*v.*

## ABRAM D. WILLIAMS.

1. ATTACHMENT—*when general execution improper.* In an action, aided by an attachment, where there is no personal service on the defendant, and no appearance, it is erroneous to award a general execution against the property of the defendant.

2. SAME—*special execution against property not levied on.* If the levy of an attachment upon land or other property is not signed by the proper officer, it will amount to no levy, and it will be erroneous to award a special execution for its sale.

3. SAME—*jurisdiction.* It is indispensable, to give the court jurisdiction in a suit by attachment, where there is no personal service, or appearance by the defendant, that it should appear the writ was either levied upon property of defendant, or served upon garnishees having effects, choses in action or credits in their possession or power, belonging to the defendant.

4. Where the levy, under an attachment upon property, is not signed by the officer, and no proceedings are had against the garnishees served, so as to show whether they were indebted to the defendant, or had in their possession any effects belonging to him, there will be nothing shown to give the court jurisdiction.

WRIT OF ERROR to the Circuit Court of Johnson county.

This was an action of assumpsit, by Abram D. Williams, against John C. Clymore, aided by an attachment. The opinion of the court states the facts of the case.

Mr. H. B. HARDY, and Mr. O. A. HARKER, for the plaintiff in error.

Mr. C. N. DAMRON, Mr. THOS. S. CASEY, and Mr. C. H. PATTON, for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Two errors appear in the record that are fatal to the present judgment. The suit was commenced in assumpsit, with an attachment in aid. There being no personal service on defendant, and no appearance, it was improper to award a general execution against the property of defendant. *Young* v. *Campbell,* 5 Gilm. 8.

It was also erroneous to award a special execution against certain lands of defendant, for the reason, that what purports to be a levy under the attachment writ, was not signed by the officer who had it to execute, or any one else. There was in fact no levy upon real estate, or any other property, so far as the present return shows.

There was service upon certain parties, as garnishees, but no proceedings seem to have been taken against either of them. It is indispensable, to give the court jurisdiction in attachment proceedings, where there is no personal service, it should appear the writ was either levied upon property, or served upon garnishees having effects, choses in action or credits in their possession or power. belonging to defendant. *Haywood* v. *Collins,* 60 Ill. 328. Neither appears in the present record. No proceedings having been had against the garnishees. it can not be known whether they had effects, choses in action or credits in their possession or power, belonging to defendant.

On account of the errors indicated, the judgment will be reversed. and the cause remanded. *Judgment reversed.*