## Conrad E. Schrorer v. William H. Pettibone et al.

1.  COURTS—*Jurisdiction in Attachment.*—It is indispensable, to give the court jurisdiction in attachment proceedings where there is no personal service, that the writ be levied upon property or served upon garnishees having effects, choses in action or credits in their possession or power, belonging to the defendant.

**Creditor's Bill.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Submitted at the March term, 1895. Affirmed. Opinion filed April 22, 1895.

STIRLEN & KING, attorneys for appellant.

H. F., F. A. & H. F. PENNINGTON, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The original bill herein was a bill in the nature of a creditor's bill in aid of a special execution issued upon a judgment in an assumpsit suit, with attachment in aid, brought by appellant against the appellee William H. Pettibone.

It was alleged that the appellant began a suit in assumpsit against the appellee William H. Pettibone on December 7, 1892, and that on April 3, 1893, he sued out a writ of attachment in aid of said suit, and levied it upon certain real estate in Cook county, and that on June 23, 1893, he recovered a judgment *in rem* in said suit, for the amount of $3,000, upon service by publication, and that thereafter a special execution issued against said land.

The bill then proceeds to charge that the title to said land is held in the name of the appellee Mary M. Pettibone, stating the several conveyances vesting the title in her, but that it is in fact, and in law, the land of William H. Pettibone. And the prayer was, in substance, that the land be charged with the lien of appellant's said judgment, and that it be sold to satisfy the same, etc.

Schrorer v. Pettibone.

The appellee William H. Pettibone answered the bill, and subsequently filed his cross-bill against the appellant praying that said judgment obtained by the appellant be vacated, and that he be permitted to make a defense in the said suit wherein the judgment was recovered. To the cross-bill a general demurrer was interposed by the appellant, which was overruled, and upon the appellant electing to stand by his demurrer, a decree was entered dismissing the original bill, and granting the relief prayed by the cross-bill. This appeal is from that decree.

It would unnecessarily prolong this opinion to set forth all the grounds presented by the cross-bill why the judgment in the attachment suit was fraudulent as against the appellee William H. Pettibone, for it is enough to say that the cross-bill clearly presents the question of the jurisdiction of the court to render the judgment of $3,000 in that suit, where there was neither personal service, nor appearance, nor a levy of the attachment writ upon property of the defendant, nor service upon garnishees having money, effects, choses in action or credits in their possession or control, belonging to the defendant.

The original bill filed by appellant expressly alleges and shows that the title to the real estate attached was not in the defendant in the assumpsit suit, but was in Mary M. Pettibone, by conveyances made to her on October 9, 1891, and October 7, 1892, respectively. It is not pretended that there was ever any personal service of process had upon the defendant in said assumpsit suit, the appellee William H. Pettibone, nor that his appearence in said suit was ever entered, not that any garnishees were ever served. The sole ground for the rendering of the judgment in that suit was the levy of the attachment writ upon real estate which it is shown by the appellant's bill, and admitted by his demurrer to the cross-bill, did not belong to the defendant.

" It is indispensable, to give the court jurisdiction in attachment proceedings, where there is no personal service, it should appear the writ was either levied upon property, or served upon garnishees having effects, choses in action or

credits in their possession or power, belonging to defendant." Clymore v. Williams, 77 Ill. 618; Borders v. Murphy, 78 Ill. 81; Martin v. Dryden, 6 Ill. 187.

The judgment of the Superior Court will therefore be affirmed.