## Bertha Koehler v. Ernst Tosetti Brewing Co.

1.   CHANCERY PRACTICE—*Final Decree Ends the Trial Court's Jurisdiction.*—After the Superior Court of Cook County, at its May term, enters a final decree granting the relief prayed for, it is without jurisdiction to enter a decree dismissing the bill at a subsequent term.

**Bill for Relief.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.   Heard in this court at the October term, 1901.   Reversed.   Opinion filed March 20, 1902.

Appellee had recovered its judgment against one Polzin, had caused execution to be issued thereon, and threatened to levy upon certain real property to which appellant claims ownership.   Appellant exhibited her bill in chancery, seeking to enjoin the levy and to have the lien of the judgment set aside as to her property.   On May 28, 1901, which was of the May term of the Superior Court, a final decree was entered, granting the relief prayed by appellant in her bill of complaint.   On the 11th of June, 1901, which was of the

June term of the Superior Court, another decree was entered in the cause, dismissing the bill of complaint for want of equity, and from the last mentioned decree the appeal here is prosecuted.

MASTERSON & HAFT, attorneys for appellant.

CRATTY, JARVIS & LATIMER, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

But one question need be considered in disposing of the appeal in this cause, namely, the power of the Superior Court, at its June term, to enter a final decree dismissing appellant's bill of complaint for want of equity, when it had, at the preceding May term, entered a final decree granting the relief prayed. No order of the court appears entered at the May term, to modify or vacate the decree of that term. The final decree of May 28, 1901, effectually disposed of the cause, and at the succeeding June term the chancellor had no jurisdiction or power to enter another and totally different decree.

It is urged by the learned counsel for appellee that by appearing upon motions after the decree of May 28, 1901, had been entered, the appellant in effect waived any question as to the finality of that decree, and having thus voluntarily submitted to the jurisdiction of the court, can not now be heard to question it. This contention might be sound if a question of jurisdiction of the person only was involved; but here the court had lost jurisdiction of the subject-matter by entering a final decree disposing of the cause at the May term, 1901. The rule is no different as to decrees in chancery than in judgments at law. Lily v. Shaw, 59 Ill. 72; Hurd v. Goodrich, Id. 450.

It is also urged by counsel that the error assigned as to the entering of the decree at the June term, while the decree of the preceding May term remained of record, is cured by a showing of subsequent proceedings of the court on October 18, 1901. It is enough to say in this behalf, that the proceedings thus relied upon were had after the

appeal to this court had been perfected, and therefore can not be considered by the court in disposing of the appeal. The order of October 18, 1901, is not a mere amendment of or addition to the record in matter of formal correction, but it is a matter going to the substance of the cause.

We are of opinion that the decree appealed from, namely, the decree of June 11, 1901, was erroneously entered, and it is therefore reversed.