State Bank of Chicago v. Thweatt.

---

State Bank of Chicago v. J. G. Thweatt, for the use, etc.

Gen. No. 11,079.

1. JURISDICTION—*when question of, may be raised.* The question of jurisdiction may be raised at any time, and the party may, after he has raised such question, go to trial upon the merits without waiving the point.

2. REINSTATE CASE—*when jurisdiction to, is lost.* Where a case is dismissed upon a general call which reserves to the court jurisdiction to reinstate within a specified period, the court cannot, after the lapse of such period, reinstate the same, notwithstanding the order of dismissal was erroneous.

3. REDOCKETING—*entitlement of garnishment issue upon.* Where the issue between the plaintiff in an attachment suit and the garnishee therein has been determined, an appeal taken from such determination and a reversal had thereof, the same should, upon a redocketing, be entitled according to the names of the respective parties to the attachment proceeding.

4. ATTACHMENT SUIT—*what essential to jurisdiction in.* Where the defendant in an attachment suit has not been served except by publication, has not appeared, and no.property has been attached, a *res* in the hands or control of the garnishee is absolutely essential to the court's jurisdiction.

5. ATTACHMENT SUIT—*how far judgment in, binds.* Where judgment is rendered against the defendant in an attachment suit prior to the trial of the garnishment issue, such judgment is final only in the sense that it binds such defendant to the extent of any debt due by the garnishee to such defendant, or to the extent of any interest in any property belonging to him in the hands of the garnishee at the time of the service of the attachment writ.

6. ATTACHMENT SUIT—*right of garnishee to attack proceedings in.* A garnishee in an attachment suit may attack the proceedings had therein upon the ground that they are void.

7. ATTACHMENT SUIT—*when, deemed pending.* An attachment suit in which the defendant has not been served except by publication, and has not appeared, and in which no property has been attached, is still pending, notwithstanding a judgment has been rendered against the defendant, where the garnishment issue has not been disposed of.

Action of attachment with garnishment issue. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1903. Reversed. Opinion filed January 14, 1904.

DENEEN & HAMILL, for appellant.

MORAN, MAYER & MEYER, and D. V. SAMUELS, for appellee.

Statement by the Court. One A. Boysen began attachment against J. G. Thweatt for a claim of $4,000 of the former against the latter, and served the appellant, the State Bank of Chicago, as garnishee. The basis of the attachment was the alleged non-residence of Thweatt and

that the bank had in its possession and control moneys belonging to him. The bank answered, denying all indebtedness to Thweatt, but stating, in effect, that it held two certain notes for $3,852.20 made by Thweatt, payable to one Jones, and a trust deed on certain real estate in Arkansas, describing the notes and trust deed, and a letter by Thweatt which it received from him at the same time as the notes and trust deed, in substance, to the effect that upon the occurrence of certain things therein specified Thweatt would wire the bank where to present the deed for payment of certain moneys. The bank also answered that these papers were in its possession at the time of the service of the writ, and were held in accordance with the instructions of the letter. Issue was taken on the answer of the garnishee, publication was made under the statute, pursuant to which the default of Thweatt was entered, and judgment rendered against him on October 21, 1898, but no personal service was ever had on Thweatt nor did he enter his appearance in the cause. Thereafter, on December 16, 1898, a trial of the issues as to the garnishee was had before the court, without a jury, which resulted in a finding that the bank had property in its possession and control and was indebted to said Thweatt in the sum of $3,582, and on such finding entered a judgment in favor of Thweatt for the use of Boysen for that amount. On appeal to this court that judgment was reversed and the cause remanded to the Circuit Court, the mandate of the Appellate Court being entitled " State Bank of Chicago v. A. Boysen," but the order redocketing the cause in the Circuit Court is entitled " A. Boysen v. J. C. Thweatt," and was entered on the 14th day of March, 1900. Afterwards, on April 9, 1900, the following order was entered in the Circuit Court, to wit:

" Ordered, that a general call of the docket of law cases now pending and appearing upon the several calendars of this court from term number one to term number 18,644, both inclusive, commencing before the Honorable Judge Willis, at ten o'clock on the morning of April 23, 1900, and continued from day to day thereafter at the same hour until all law cases pending within and including said term

numbers shall have been called and marked for trial or otherwise disposed of by the court.

" It is further ordered that all law cases pending at the date aforesaid between and including said term numbers when such cases are called for trial as aforesaid, may be stricken from the docket or dismissed for want of prosecution, as the court may see fit.

" It is further ordered that cases so called for trial and stricken from the docket or dismissed for want of prosecution, may, for good cause shown to the court at any time within ninety days from the date of such order, be reinstated and placed at the foot of the docket on the date of reinstatement as to the court may seem meet."

Pursuant to the foregoing order, there was made a general call of the docket of the Circuit Court, including the case of A. Boysen v. J. G. Thweatt, it being term No. 4574, when, on April 25, 1900, the court entered the following order, to wit:

" This cause being duly called for trial, and the plaintiff failing to prosecute his suit in this behalf, on motion of defendant's attorney, it is ordered that said cause be and the same is hereby dismissed at plaintiff's costs for want of prosecution. Therefore it is considered by the court that the defendant do have and recover of and from the plaintiff his costs and charges in this behalf expended, and have execution therefor."

Afterwards, on August 4, 1900, a motion by plaintiff's attorney, supported by certain affidavits, was made to set aside said order of dismissal, which was continued until September 17, 1901, when the court set aside and expunged from the record the said order of dismissal of April 25, 1900. Afterwards, on September 18, 1901, the issues as to the garnishee bank were tried before the court and a jury, resulting in a verdict and judgment thereon against the garnishee, from which this appeal is taken.

MR. JUSTICE WINDES delivered the opinion of the court.

The first and only question which we deem it necessary to consider is whether the court had any jurisdiction of the parties and subject-matter of said cause on the 4th of August, 1900, which was more than ninety days after the entry

of the order dismissing the cause April 25, 1900.   The question of jurisdiction of the court may be raised at any time, and it is immaterial that the appellant, after having raised that question, as it did upon the motion to set aside the order of dismissal of April 25, 1900, went to trial upon the merits.   Koehler v. Tosetti Brewing Co., 101 Ill. App. 339, affirmed in 200 Ill. 369.

When that order was entered the court without question had jurisdiction of the parties and the subject-matter of the suit, and no question is made as to the power of the court then to proceed to call the cause for trial, as it appears was done.   It may have been error for the court to proceed to call this case, if, as claimed by appellee, it did not appear upon one of the several calendars of the Circuit Court, but that did not affect the court's jurisdiction in the case, it having been redocketed in the court on March 14, 1900. However erroneous the order of dismissal of the cause may have been, the court having jurisdiction when that order was made, was bound thereby until it was set aside within the term, or it was reversed upon appeal or error, or was set aside within the time limited by the general order for reinstating a case which was dismissed pursuant to the general call of the docket, as provided in the said order for such general call.   The order dismissing the cause was not set aside in either of the ways indicated, but the court attempted to set it aside after the lapse of said ninety days apparently upon the theory that the order of dismissal was void, and therefore under the control of the court, not only after the lapse of the term, but after the lapse of said ninety days reserved by the court's said general order.   In this connection it is argued by counsel for appellee that no such cause as the original attachment suit of Boysen v. Thweatt was pending in the Circuit Court when the order of dismissal was made.   This contention is not sustained by the record.   It is true that the appeal to this court was entitled in this court in the name of the State Bank of Chicago, appellant, against A. Boysen, appellee, and the mandate reversing it, which was filed in the Circuit Court, was enti-

tled in the same way, but the order of the Circuit Court redocketing the case is entitled as was the original attachment suit, to-wit: A. Boysen v. J. G. Thweatt. It was necessary to so redocket the cause in order to preserve its identity with the original attachment suit, notwithstanding the fact that the contest was between the plaintiff in that suit and the garnishee upon the issue as to whether the garnishee was indebted to the defendant or had money or property in its hands or under its control belonging to the defendant Thweatt. When the cause was redocketed in the Circuit Court it was in the same situation as if there had never been a trial of the issue as to the garnishee, and clearly the case was properly entitled as it was originally begun. No suit was pending directly against the State Bank, but it was against Thweatt, the defendant in the attachment. The only possible basis of liability of the bank depended, in the first instance, upon Thweatt's liability to Boysen, and in the second, upon the fact, which should have been made to appear, but was not, at the time the suit was dismissed, that the bank was indebted to Thweatt or had in its hands or under its control money or property belonging to Thweatt. Until this latter fact appeared the Circuit Court had no right or jurisdiction to enter a judgment against Thweatt, he neither having appeared in the cause nor having been personally served with process. The defendant not being before the court except by publication service, and no property being attached, a *res* in the hands or control of the garnishee was absolutely necessary to the court's jurisdiction. Haywood v. McCrory, 33 Ill. 462; Haywood v. Collins, 60 Ill. 328–34; Clymore v. Williams, 77 Ill. 618; Cooper v. Reynolds, 10 Wall. 308–18; Drake on Attachment (5th Ed.) Sec. 5. Mr. Drake in section 5 says:

" If there be neither service upon the defendant nor attachment of his property, there is nothing for the jurisdiction to rest upon, and any proceedings taken in the cause are *coram non judice* and void."

In the Clymore case, the Supreme Court say:

" It is indispensable, to give the court jurisdiction in attachment proceedings, where there is no personal service, it should appear the writ was either levied upon property, or served upon garnishees having effects, choses in action or credits in their possession or power, belonging to the defendant."

This language was used with reference to a final judgment, but applies with equal force to a judgment against the defendant, which, under the statute, must precede any judgment against the garnishee.    In the Cooper case, which had reference to the levying of the writ on property, the Supreme Court of the United States say :

" The court cannot proceed unless the officer finds some property of defendant on which to levy the writ of attachment.    *    *    *    It seems to us that the seizure of the property, or that which, in this case, is the same in effect, the levy of the writ of attachment on it, is the one essential requisite to jurisdiction, as it unquestionably is in proceedings purely *in rem*."

The principle is the same where a garnishee is served. He must owe the defendant a debt or have in his possession or control property of the defendant before the court can acquire jurisdiction by service of the writ upon him.

The judgment rendered against the defendant prior to the trial of the garnishment issue, was therefore final only in the sense that it bound him to the extent of any debt due by the bank to him, or of his interest in any property belonging to him in the hands of the garnishee at the time of the service of the attachment writ.    Such a judgment was not a final one in the sense that the original attachment cause was disposed of, but only final as to the defendant to the extent stated, and was not final as to the garnishee. Its finality all depended upon facts thereafter to be shown which establish the court's jurisdiction to proceed to final judgment.    Drake on Attachment, (5th Ed.), Secs. 5, 89a; Freeman on Judgments, Secs. 29, 30, 573 and 607a.    See also Hurd's Rev. Stat., Ch. 11, Secs. 21, 34 and 35, and Chap. 62, Secs. 1, 5, 7 and 10, as to methods of procedure.

It is well settled that proceedings in attachment, if void,

may be attacked by the garnishee, and it follows that if there was no property in the possession or control of the garnishee, and it was not indebted to him, at the time of the service of the attachment writ, the defendant not being served nor appearing in the case, the court had no jurisdiction, and its judgment against the defendant was void. Pomeroy v. Rand, 157 Ill. 176–84, and Haywood and Clymore cases, *supra;* Drake on Attach., (5th Ed.), Secs. 5, 89a, and 449.

Whether or not the court had jurisdiction to render a judgment against the defendant and the garnishee which would be a final disposition of the case, could only be determined when the issue as to the garnishee was tried and determined in favor of the plaintiff. This had not been done when the court entered its order of dismissal, and we are therefore of opinion that its judgment against Thweatt was interlocutory in its nature as to the defendant as well as the garnishee, and not final in the sense that the suit in attachment was ended, but that the garnishee was in a position to contest the court's jurisdiction. This being so, the court's order of dismissal of the attachment suit finally disposed of the case, and it was beyond the power of the Circuit Court, after the lapse of the term and the lapse of ninety days from April 25, 1900, to vacate that order. Its attempt to do so is a nullity because of a lack of jurisdiction. The judgment against the garnishee is likewise void, and is reversed.

*Reversed.*