# J. S. Paterson Construction Company v. First State Bank of Thebes.

1. **Pleas in abatement**—*when judgment quod recuperet should be rendered upon.* Where pleas in abatement raise issues of fact which could only be determined by evidence *dehors* the record, a judgment *quod recuperet* should be rendered where such pleas are not sustained.

2. **General appearance**—*what amounts to.* Any action on the part of a defendant, except to object to the jurisdiction, will amount to a general appearance.

3. **Attachment**—*of what defendant in, cannot complain.* A defendant in attachment cannot complain of the irregular action of the court in only entering judgment against the garnishee for the amount due from the defendant to the plaintiff, where such garnishee was not made a party to the appeal.

Attachment. Appeal from the Circuit Court of Alexander County; the Hon. William N. Butler, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

William S. Dewey, Hoyne, O'Connor & Hoyne and Edenharter & Mull, for appellant.

Herbert & Levy, for appellee.

Mr. Presiding Justice Creighton delivered the opinion of the court.

This was a garnishment proceeding commenced by attachment, in the Circuit Court of Alexander county, by appellee against appellant, as defendant in attachment, and the Southern Illinois & Missouri Bridge Company, as garnishee. The cause was tried by the court without a jury, by agreement, resulting in findings in favor of appellee and a judgment thereon in favor of appellant, for use of appellee, against the garnishee for the sum of $752.72. Appellant, the defendant in attachment, in whose favor the judgment against the garnishee was rendered, for the use of appellee, prosecutes this appeal against appellee alone; the garnishee is not in any

manner made a party to the appeal, and does not in any manner appear in this court.

On the 25th day of February, 1905, appellee commenced attachment proceedings in the Circuit Court of Alexander county against appellant, by filing of affidavit and bond. A writ issued, commanding the sheriff to attach property of appellant, to summons appellant to appear and answer, and also to summons the Southern Illinois & Missouri Bridge Company as garnishee. The sheriff made return of the writ showing due service upon the Southern Illinois & Missouri Bridge Company, and as to the J. S. Paterson Construction Company, "that he could not find any clerk, secretary, superintendent, general agent, cashier, conductor, station agent, or any other agent or the president of said J. S. Paterson Construction Company in his county." On the first day of the following May term of the Circuit Court of Alexander county, by leave of the court, appellee filed an amended affidavit for attachment and also by leave of the court filed a declaration in assumpsit against appellant, and the cause was continued for service on appellant. On May 15, appellee filed an affidavit for publication, reciting the sheriff's return as above noted, and: "That in addition to said return, affiant is informed and believes and so states the fact to be, that the said J. S. Paterson Construction Company is incorporated under the laws of the State of Illinois, with its principal office designated as Thebes, Alexander county, Illinois, and that prior to February 25, 1905, and from thence hitherto, the said J. S. Paterson Construction Company removed its effects from the State of Illinois, and that said J. S. Paterson Construction Company has no president, clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any other agent in the said Alexander county upon whom service can be had since the filing of said attachment suit in said court on said 25th day of February, 1905. The affiant is informed and states the fact to be that said J. S. Paterson Construction Company now maintains its office at No. 3 Ingalls Block, in the city of Indianapolis, in the State of

Indiana, and that Walter Kessler is acting as president of said company at No. 3 Ingalls Block aforesaid." Certificates of due publication and mailing of notice to J. S. Paterson Construction Company at Indianapolis were filed in the case, by the clerk of the court.

On the 31st day of the following July, appellant filed a plea as follows:

"And the said J. S. Paterson Construction Company, a corporation, by William S. Dewey and Edenharter and Mull, its attorneys, comes and appears for the sole purpose of filing this plea to the affidavit of attachment, filed May 8, 1905, in the above entitled cause, and for no other purpose whatever, and defends, etc., and says that before and at the time of the commencement of said suit of the First State Bank of Thebes, Illinois, it, the said J. S. Paterson Construction Company, was and from thence hitherto has been, and still is, residing in the county of Cook in the State of Illinois, and is not a resident of said Alexander county; that its principal office was at the time of the commencement of this suit and from thence hitherto has been at No. 43 Rosslyn place, in the city of Chicago, in the county of Cook and State of Illinois, and that J. S. Paterson Construction Company has not concealed itself so that process cannot be served upon it; and that the said J. S. Paterson Construction Company was not found or served with process in said action in said county of Alexander, but that the only notice of this suit was given by publication in the 'Citizen,' a newspaper published in the said county of Alexander, and by mailing a copy of this notice to the J. S. Paterson Construction Company, at Indianapolis, Indiana; that the said J. S. Paterson Construction Company had at the date of the commencement of this suit no property, funds, effects, choses or credits of any kind or character in the said county of Alexander, liable to attachment or garnishment in said Alexander county; and this it is ready to verify; wherefore it prays judgment if this court here will take cognizance of the action aforesaid."

Appellant also filed another plea, the same in substance, and in substantially the same language as the plea above

quoted, except it is limited to appellee's amended affidavit for attachment.

At a subsequent term, the following proceedings were had:

"And now on this day, this cause being called for trial, as to the issues of the plea in abatement filed herein by defendant, J. S. Paterson Construction Company, to the jurisdiction of this court, the plaintiff comes, by Herbert and Levy, its attorneys, and the defendant, J. S. Paterson Construction Company, specially appears by William · S. Dewey, its attorney, and issues being joined upon said plea in abatement to the jurisdiction of the court, by agreement of counsel for both parties, the cause is submitted to the court for trial as to the issue on the said plea in abatement to the jurisdiction of the court, after hearing evidence and oral testimony, depositions and arguments of counsel, and being fully advised in the premises, doth find the issue in favor of plaintiff and against the defendant, on said plea in abatement as to the jurisdiction of the court; and thereupon the defendant, J. S. Paterson Construction Company, asks leave of the court to plead over to the said declaration, but the court denies said motion, and the said defendant, J. S. Paterson Construction Company, excepts; and thereupon the court assesses the plaintiff's damages at the sum of $752.72.

"It is, therefore, ordered, adjudged and decreed by the said court that plaintiff, First State Bank of Thebes, have and recover from the defendant, J. S. Paterson Construction Company, its damages of $752.72, in form as aforesaid by the court assessed, together with its costs and charge in this behalf expended; to which finding and judgment the defendant, J. S. Paterson Construction Company, by its attorneys, excepts; and thereupon the plaintiff filed its interrogatories, to be answered by its garnishee, Southern Illinois and Missouri Bridge Company."

And the cause was continued for answer of the garnishee.

At the May term, 1906, the case progressed to conclusion as follows:

"And now this day comes the First State Bank of Thebes, plaintiff, by J. M. Herbert, its attorney, and the J. S. Pater-

Paterson Construction Co. v. State Bank.

son Construction Company, defendant, by its attorney, William Dewey, and the answer of the garnishee, Southern Illinois and Missouri Bridge Company, by F. H. Britton, its president, having been filed March 1, 1906, admitting an indebtedness to the defendant, J. S. Paterson Construction Company, of $17,500.00, said defendant, by its attorney, excepts and moves the court for a new trial; which motion is overruled and defendant excepts and enters a motion in arrest of judgment; which motion is overruled and said defendant again excepts. Judgment is rendered on the findings in favor of the J. S. Paterson Construction Company for the use of the First State Bank of Thebes against the garnishee, the Southern Illinois and Missouri Bridge Company, for the sum of $760.04, same being the amount of plaintiff's judgment and interest against J. S. Paterson Construction Company, the defendant.

"It is therefore ordered, adjudged and decreed by the court that J. S. Paterson Construction Company, for the use of the First State Bank of Thebes, have and recover from the garnishee, the Southern Illinois and Missouri Bridge Company, the sum of $760.04 and the costs of this suit, and that in default of payment, execution issue therefor; to which judgment the J. S. Paterson Construction Company excepts and thereupon the defendant, J. S. Paterson Construction Company, prays an appeal to the Appellate Court of the Fourth District of Illinois, which appeal is granted upon said defendant filing a bond in the sum of one thousand dollars ($1,000.00) with the clerk of this court and by him approved within thirty days from this date; and sixty days are hereby allowed to present bill of exceptions."

Under section 13 of the Attachment Act (Hurd's Revised Statutes, 1905, chap. 11), an attachment suit may be commenced in any county where there is property, rights or credits of the defendant to levy upon or garnishee. Field v. Shoop, 6 Ill. App., 445; State Bank of Chicago v. Thweatt, 111 Ill. App., 599 (605–606); Clymore v. Williams, 77 Ill., 618. It clearly appears from the evidence in this case that the garnishee in Alexander county had property of appellant in its hands, subject to garnishment. We

think the trial court did not err in finding "the issues in favor of the plaintiff and against the defendant * * * as to the jurisdiction of the court," that is, as to the plaintiff's right to sue in Alexander county; and this, as we understand them, appellant's counsel now concede.

After the court had decided the issues on appellant's pleas to the jurisdiction of the court against appellant, appellant's counsel moved the court for leave to plead to the declaration, and the court denied the motion. Counsel duly excepted and urged this ruling of the court as error.

We are of opinion that in this ruling the trial court did not err. These pleas were true pleas in abatement of that class which calls for a judgment *quod recuperet*. The law as we understand it is well stated by counsel for appellant, but we cannot agree with them in its application to the facts in this case. They state it as follows: "Where a demurrer is filed to a plea in abatement so as to raise a question of law, or where a plea in abatement raises a question of fact that can be determined by an inspection of the record, the judgment should be *respondeat ouster;* but if the plea raises a question of fact that can be determined only by evidence *dehors* the record, the judgment should be *quod recuperet.* In other words, the judgment *quod recuperet* should be entered only where it is absolutely necessary to hear evidence to determine the issue raised." They cite: Bradshaw v. Moorehouse, 1 Gilm., 395; Delahey v. Clement, 3 Scam., 201; Marston v. Lawrence, 1 Johns. Cas., 397; 1 Encyc. Pl. & Pr., 31 (note). To these we add the cases cited by counsel for appellee to the same effect. "The proper and necessary judgment to be rendered upon the determination of issues of facts raised by pleas in abatement, when found in favor of the plaintiff, should be *quod recuperet.* And the defendant will not be given an opportunity to plead to the merits." Greer v. Young, 120 Ill., 184 (190–191). Issues of fact were raised by the pleas in this case which could be determined only by the evidence *dehors* the record, and one at least of these questions was a material one, viz.: Whether appellant had at the date of the commencement of

this suit any property, funds, effects, choses or credits of any kind or character in said county of Alexander, liable to attachment or garnishment. The plea averred that it had not.

Counsel contend that the judgment in this case must be reversed for want of jurisdiction over the person or entity of appellant. This contention is based upon the claimed omission, in both the sheriff's return and the affidavit for publication, of any statement or proper showing, "that 'due inquiry' to find defendant was made." With our view of the effect of the disclosures of this record we do not deem it necessary to discuss the question here raised.

The record discloses that at every step in the progress of this case from the first convening of the court after the writ issued to the rendition of the final judgment against the garnishee, appellant was in fact represented in court by active counsel. It is true that a part of this time counsel appeared specially. He appeared specially in the pleas to the jurisdiction of the court, he appeared specially for the purpose of trying the issues upon these pleas, but after that trial was over and the issues thereof had been decided by the court, he did not appear specially when he moved the court for leave to plead to the declaration, nor when he excepted to the ruling of the court denying his motion for leave to plead to the merits, nor when he excepted to the judgment of the court on the assessment of damages. "Any action on the part of defendant, except to object to the jurisdiction, which recognizes the case as in court will amount to a general appearance." Cyc., vol. 3, 504. "Where a party appears for purposes other than to show that he is not properly before the court, he is deemed to have entered a general appearance for all purposes." Baldwin v. Economy Furniture Co., 70 Ill. App. 49; Abbott v. Semple, 25 Ill., 107; Thompson v. Schuyler, 7 Ill., 271. At the succeeding term of the trial court, when the garnishee appeared and filed its answer, appellant appeared by counsel, and excepted to the answer, and moved the court for a new trial and excepted to the ruling of the court denying his

motion, moved in arrest of judgment, excepted to the ruling of the court denying that motion, and also excepted to the final judgment rendered in favor of appellant for the use of appellee, against the garnishee. It is true that in these later appearances he stated that he appeared specially, but having prior thereto appeared generally, he could not after that appear specially for ·any purpose. "Where defendant has entered a general appearance * * * he cannot thereafter make a special appearance, no matter by what act the general appearance may have been made, and this * * * is true even though the step constituting the general appearance was unsuccessful." Cyc., vol. 3, 528; Roberts v. Thomson, 28 Ill., 79; Lang v. Trabue, 8 Ill. App., 132.

Counsel insist that the judgment should be reversed, because of the fact that the judgment entered against the garnishee was for only the amount due from appellant to appellee, instead of for the full amount of the indebtedness due from the garnishee to appellant. This is a mere irregularity which might have been cured in this court if the garnishee had been made a party to this appeal. It is a matter directly involving the rights and interests of the garnishee, and the garnishee not being a party to the appeal, we cannot consider this question. Where the defendant sues out an appeal involving a judgment against the garnishee, he must make the garnishee also a party because the garnishee is interested in the judgment and must be given an opportunity to be heard. Shinn on Attachment and Garnishment, vol. 2, sec. 701.

The judgment of the Circuit Court is affirmed.

*Affirmed.*