## Daniel Haller, Appellee, v. Charles H. Rieth, Appellant.

1. DEFAULTS—*binding effect of order vacating judgment.* An order vacating a default judgment must be given full faith and credit as to its binding effect between the parties until it is vacated or reversed in some lawful manner.

2. ATTACHMENT—*methods of acquiring jurisdiction in absence of personal service.* In order to give a court jurisdiction in an attachment proceeding, where no personal service is had, the writ must be levied on property or served on a garnishee having effects in his possession belonging to the defendant.

3. ATTACHMENT—*necessity of mailing copy of publication notice.* The failure of the clerk to mail a copy of the publication notice to the address named in an affidavit for attachment within ten days of the first publication thereof is fatal to the jurisdiction of the court.

4. ATTACHMENT—*special execution defined.* A special execution in attachment is process upon which a sale of property is had which has already been levied upon by writ of attachment and is in the custody of the law.

5. ATTACHMENT—*power to reinstate special execution and sale.* Where a judgment by default in attachment is vacated and a writ.of special execution issued under the judgment and a sale of the property is canceled because the court never acquired jurisdiction, the court is without power to reinstate the execution and approve the sale after rendering another wrongful default judgment against the defendant.

6. APPEARANCES—*as conferring jurisdiction.* The entry of appearance by a defendant in attachment in making application for a change of venue confers jurisdiction over his person which had not heretofore been acquired.

7. DEFAULTS—*grounds for vacating judgment.* A judgment by default against a defendant not complying with a rule to plead by a specified day should be vacated, where it appears that defendant's counsel appeared in court on the specified day in response to a letter from plaintiff's counsel that a rule had been taken for defendant to plead by that day, that the presiding judge was one from whom defendant had requested a change of venue and the cause was continued until the next day by agreement, that defendant's counsel appeared the next day immediately after the default had been entered, and that he then learned for the first time of the entry of the rule requiring defendant to plead on or before the prior day.

Appeal by defendant from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1927. Reversed and remanded with directions. Opinion filed January 20, 1928. Rehearing denied February 28, 1928.

J. B. HARRIS, for appellant.

FERD TUNNELL, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is an appeal from a judgment for $200 and costs entered by default against appellant in the circuit court of Madison county.

On October 25, 1925, appellee commenced an attachment suit to recover $200 against appellant. Affidavit for attachment was filed alleging that appellant was a nonresident of the State of Illinois, and that he resided at 2646 Armand Ave., St. Louis, Mo.

No writ of attachment was issued by the clerk, and no process or notice of any kind was served upon or mailed to the address of appellant named in the affidavit.

The next term of the circuit court, after the filing of the affidavit, convened on January 11, 1926. On January 15, 1926, appellee filed his declaration, and on January 18, 1926, appellee took a default judgment against appellant for $200, which judgment order recited that there was due service by publication and mailing at least thirty days prior to the first day of the term of court, and it was adjudged that appellee have judgment against the property attached, and have execution for the amount of the judgment. Execution and fee bill were then issued by the clerk to the sheriff, who levied upon appellant's interest in certain described real estate in Madison county, which was sold by the sheriff on May 25, 1926, to appellee for the amount of the judgment, interest and costs.

On July 31, 1926, appellant filed his motion to vacate the judgment and sale thereunder, and upon the hearing of the motion, on notice to appellee, the circuit court, on December 6, 1926, entered an order finding that at the time judgment was entered the court

was without jurisdiction either of the person or property of appellant; that no writ of attachment had ever been issued by the clerk of the court at the time of the beginning of the suit or subsequent thereto; that no notice of the pendency of the suit had ever been mailed by the clerk to appellant within ten days after the date of the first publication of such notice; that no real estate or property of the appellant had ever been attached or levied upon by the sheriff prior to the entry of the judgment. The court found and adjudged that the writ of special execution issued upon the judgment was void; that the sale thereunder by the sheriff, on May 25, 1926, and the certificate of purchase were erroneous and void; and it was further ordered that the judgment entered on January 18, 1926, be vacated and annulled and all subsequent proceedings were declared null and void, and directed to be vacated and canceled.

On August 19, 1926, appellant filed a petition for change of venue from Hon. J. F. Gilham, one of the judges of said circuit court, and, on notice to appellee, an order was entered on August 24, 1926, granting the petition for change of venue. On December 9, 1926, appellee entered his motion to vacate the order of December 6, 1926, on the ground that the same had been inadvertently entered by the court. On March 31, 1927, appellee, without notice to appellant, obtained an order of the court denying his motion to vacate the order of December 6, 1926, and, at the same time obtained an order of court ruling appellant to plead or demur by April 12, 1926.

On April 13, 1927, appellee procured an order of court defaulting appellant, and the court then entered a judgment finding the issues on the attachment in favor of appellee, rendered judgment for $200 and costs of suit against appellant, and directed that the special execution be reinstated against the property

attached, and approved the sale, theretofore made by the sheriff, as of April 13, 1927.

On April 20, 1927, appellant filed his motion, supported by affidavit of his counsel, to vacate the judgment order entered on April 13, 1927, for the reasons recited in the judgment order of December 6, 1926, and, in addition, the motion and affidavit alleged that the court was without jurisdiction to reinstate the special execution theretofore issued in said cause and to approve the sale made by virtue thereof on May 25, 1926.

The affidavit of counsel, offered in support of the motion, alleged, in substance, that on April 8, 1927, he received a letter from appellee's attorney advising him that a rule had been taken on appellant to plead by April 12 in the case of *Daniel Haller v. Charles H. Rieth,* attachment, and that appellant's counsel should be present on that day; that he did appear in response to such letter in court on April 12, 1927, and it appears that Judge Gilham was then presiding; that, after conference with appellee's attorney, he learned that Judge Bernreuter would be presiding in said court on April 13, 1927, and, inasmuch as the controversy could not be taken up until the next day, counsel for appellant agreed to appear in court the next day, April 13, 1927, and then dispose of the matter at issue; that counsel for appellant was unaware, at that time, that he had been ruled to plead to appellee's declaration; that on the morning of April 13, 1927, counsel for appellant appeared in court when Judge Bernreuter was presiding; that, as he entered the court room, appellee's counsel was then before the bar of the court, and the judge was writing an order on the docket in said cause; that appellant's counsel was then informed for the first time that a rule had been entered requiring appellant to plead to the declaration on or before April 12, 1927; that he thereupon asked the court to vacate its order and give appellant an opportunity to

take such action as would be necessary in order that he might not be in default.

Subsequently, on July 18, 1927, the court overruled appellant's motion of April 20, 1927, and this appeal is prosecuted for the purpose of reviewing the order and judgment of the trial court.

It is contended by appellant that the trial court was right in entering its order of December 6, 1926, vacating and annulling all prior proceedings in said suit, but that the court erred in entering default against appellant on April 13, 1927, in rendering judgment, and in reinstating the special execution, which had been quashed by order of court on December 6, 1926, and in approving the sale made by the sheriff thereunder.

Appellee contends that by reason of appellant's application for change of venue, he thereby submitted himself to the jurisdiction of the court, and that the court had the right and power to enter a default and personal judgment against appellant on April 13, 1927.

It is not contended by appellee that the trial court erred in its findings and judgment order of December 6, 1926, and, in view of the plain provisions of the Attachment Act and the decisions thereon, it is clear that the trial court was right in the entry of its judgment order of December 6, 1926, and until it was in some lawful manner vacated or reversed, full faith and credit must be given as to its binding effect between the parties.

To give the court jurisdiction in attachment proceedings, where no personal service is had, the writ must be levied on property, or served on garnishees having effects in their possession belonging to a defendant. (*Schrorer v. Pettibone*, 58 Ill. App. 436; *State Bank of Chicago v. Thweatt*, 111 Ill. App. 599; *Clymore v. Williams*, 77 Ill. 618.)

The failure of the clerk to mail a copy of the publication notice to the address named in the affidavit for

attachment within ten days of the first publication thereof is fatal to the jurisdiction of the court. (*Thormeyer v. Sisson,* 83 Ill. 188; *Dennison v. Taylor,* 142 Ill. 45.)

A special execution is process upon which a sale of property is had which has already been levied upon by writ of attachment and is in the custody of the law. (*Keeley Brewing Co. v. Carr,* 198 Ill. 492.)

In view of the findings of the judgment order entered by the court below on December 6, 1926, and of the provisions of the Attachment Act, Cahill's St. ch. 11, ¶ 22, as construed above, the court was without power or authority to reinstate the special execution or approve the sale made thereunder, as was attempted to be adjudged in the judgment order entered in the court below on April 13, 1927.

Even though the court below had jurisdiction over the person of appellant by reason of his entry of appearance in making application for change of venue, yet, in view of the facts disclosed by the affidavit of counsel on his motion to vacate the default and for leave to plead, we are of the opinion that the court should have granted appellant's motion to vacate the default and judgment entered April 13, 1927, and given him reasonable time to plead or demur to appellee's declaration.

For the reasons above stated, the judgment order and proceedings of the circuit court entered on April 13, 1927, are reversed, and the cause remanded with directions to allow appellant to plead to the declaration of appellee.

*Reversed and remanded with directions.*